WESTERN INSURANCE COMPANY, APPELLANT, *v.* LUMBERMANS MUTUAL INSURANCE COMPANY ET AL., APPELLEES.

(No. 11937 — Decided June 12, 1985.)

*Timothy J. Ochsenhirt* and *James M. Lyons, Jr.,* for appellant.

*Robert Drexler,* for appellee Lumbermans Mutual Insurance Co.

*Edward Maher,* for appellee Darryl Fox.

*David R. Wilson,* for appellee Samuel Laurenti.

GEORGE, P.J. The plaintiff-appellant, Western Insurance Company ("Western"), appeals from the judgment of the trial court denying its motion for relief from judgment, pursuant to Civ. R. 60(B)(5). This court reverses that judgment.

On July 15, 1983, Western filed a declaratory judgment action against Lumbermans Mutual Insurance Company, among others. The defendants filed motions to dismiss pursuant to Civ. R. 12(B)(6) and 19. On April 4, 1984, the trial court dismissed the case, finding that Western had failed to join indispensable parties, and that the action failed to state a claim upon which relief could be granted.

On July 11, 1984, Western filed a motion to vacate the order of dismissal, pursuant to Civ. R. 60(B)(5). On October 12, 1984, the trial court denied this motion, ruling that a Civ. R. 60(B) motion is not a substitute for an appeal. Western appeals from this judgment raising the following assignment of error:

"Because Western Insurance established that it was entitled to relief pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure, it was error for the trial court to deny Western Insurance's motion to vacate and not determine the merits of the amended complaint."

Western argues that Civ. R. 15(A) gives it the right to amend its complaint. In *Bell* v. *Coen* (1975), 48 Ohio App. 2d 325, 327 [2 O.O.3d 308], this court stated that the right to amend without leave of court expires once the original complaint has been dismissed. However, the issue whether a party has the right to amend after dismissal has not been addressed in Ohio. Case law dealing with the Federal Rules of Civil Procedure is instructive.

Under Fed. R. Civ. P. 15, a party is allowed to amend the complaint after dismissal with leave of the court. The rationale for permitting amendments after dismissal has been set forth by the United States Supreme Court in *Foman* v. *Davis* (1962), 371 U.S. 178. In that case, the district court granted the defendant's motion to dismiss the plaintiff's complaint. The plaintiff filed motions to vacate and amend the complaint. The trial court denied these motions. This decision was affirmed by the court of appeals. The United States Supreme Court reversed, holding that the trial court abused its discretion in denying the plaintiff's motion to amend

without first providing a reason for its denial. The court stated at 182:

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.' * * *"

This court agrees with the general principles enunciated in *Foman* v. *Davis, supra.* However, the vacation of the dismissal in the *Foman* case was accomplished pursuant to Fed. R. Civ. P. 59(e). Ohio does not have a comparable provision. The issue thus becomes whether, under Ohio law, Western's Civ. R. 60(B)(5) motion is the appropriate vehicle for vacating a judgment and amending the original complaint.

Civ. R. 60(B)(5) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *."

In *State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345, at 346 [4 O.O.3d 482] the Ohio Supreme Court considered the purpose of this provision, stating:

"The staff notes for the fifth ground of Civ. R. 60(B) state that it is based upon Fed. R. Civ. P. 60(b)(6) and is intended as a catch-all provision. It is characterized further as reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Justice Black, in *Klapprott* v. *United States* (1949), 335 U.S. 601, modified (1949), 336 U.S. 942, recognizing that the 'other reason' clause made available all equitable grounds for relief from a final judgment, said, at pages 614, 615:

" 'In simple English, the language of the "other reason" clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' "

Here, Western argues that, if allowed to amend its original complaint, it would have a viable cause of action against the defendants. Due to the nature of the dismissal, *res judicata* bars the filing of a new complaint. (One of the grounds for the dismissal of Western's complaint was the failure to state a claim, pursuant to Civ. R. 12[B][6]. Because the order of dismissal did not specify otherwise, it constituted an adjudication on the merits. Civ. R. 41[B][3].) If Western is unable to amend its original complaint, it will thus lose its cause of action against the defendants.

In *Bell* v. *Coen, supra,* at 327, this court stated: "Justice abhors the loss of causes of action by pure technicalities. * * *" Under Ohio law, the only method available to reopen such a judgment of dismissal is through a Civ. R. 60(B)(5) motion. In order to accomplish justice in this case, the trial court must consider the merits of this motion. It is to be noted, however, that such a procedure would not be available if the dismissal were other than upon the merits. *Hensley* v. *Henry* (1980), 61 Ohio St. 2d 277 [15 O.O.3d 283]. Whether the judgment is vacated and amendment is allowed ultimately rest within the sound

discretion of the trial court. See, generally, 3 Moore, Federal Practice (1985), Paragraph 15.10, at 15-104 to 15-109; and Annotation (1970), 4 A.L.R. Fed. 123, 164-169.

Therefore, this court holds that Western was entitled to seek to vacate the judgment of dismissal and to amend its original complaint by means of a Civ. R. 60(B) motion. The trial court erred when it failed to consider the merits of this motion.

Accordingly, this assignment of error is well-taken. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

QUILLIN, J., concurs.

MAHONEY, J., concurs in judgment only.