**GALLAGHER et al., Appellants,**

v.

**BORDEN, INC. et al., Appellees.**

[Cite as *Gallagher v. Borden, Inc.* (1992), 84 Ohio App.3d 185.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–287.

Decided Dec. 10, 1992.

*Susan J. Winters,* for appellants.

*Emens, Kegler, Brown, Hill & Ritter* and *Robert G. Cohen; Colleen K. Nissl,* for appellees.

Peggy Bryant, Judge.

Plaintiffs-appellants, Dorothy Martin Gallagher and Frederick Gallagher, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Borden, Inc. and Wendy's International, Inc.

In 1968, L.T. Realty Company entered into a lease with Helen Martin, Dorothy Martin Gallagher, Frederick Gallagher and Helen Martin, as guardian for Donald Martin, for the property at 2026, 2028 and 2030 North High Street; at the end of the lease, L.T. Realty had an option to buy the property for $45,000. Under the terms of the lease, L.T. Realty was to pay initial rent of $3,000 in a lump sum, followed by $150 per month for the balance of the thirty-nine-year term of the lease. The lease included the following paragraph:

"(7) If said rent, or any part thereof, shall be in arrears and unpaid for over 30 days, Lessors shall give written notice to Lessee of their intent to declare a default under the lease. If within 15 days after receipt of such notice of default,

Lessee has failed to correct such default, then Lessors may, at their option, enter said premises and repossess and enjoy the same, or if the said L.T. Realty Co., or its assigns, shall fail to keep and perform any of the covenants, agreements and conditions of this lease, on its part to be kept and performed, or if the said L.T. Realty Co. shall be adjudged a bankrupt, or shall make an assignment for the benefit of creditors, or if the interest of said Lessee herein shall be sold under execution of other legal process, it shall be lawful for said Lessor[s] to enter into said premises and again have, repossess and enjoy the same as if this lease and everything herein contained on the part of said Lessors to be done and performed shall cease, terminate and be utterly void; without prejudice, however, to the rights of said Lessors to recover from said L.T. Realty Co., or its assigns, all rent up to the time of such entry."

L.T. Realty became BBF, Inc.; BBF, Inc. ultimately became part of Borden, Inc. ("Borden"). Wendy's International, Inc. ("Wendy's") apparently subleased the property from Borden several years after the original parties entered into the lease. Further, when Helen Martin and Donald Martin died, Dorothy Martin Gallagher and Frederick Gallagher inherited the full interest in the real estate.

By letter dated February 27, 1991, the Gallaghers, through their counsel, sent a written notice pursuant to the paragraph set forth above advising Borden that they intended to declare a default for nonpayment of rent. Borden responded by sending a check for three months' rent for the months of January, February and March, noting that the payment brought the rent current.

The Gallaghers replied by letter dated April 16, 1991, through counsel, that December's rent was due, and that the arrearage had therefore not been satisfied within the fifteen-day grace period allowed under the lease. Thus, the Gallaghers declared that they considered the lease and option to have been terminated. Borden responded that it had forwarded a check for December's rent, that the Gallaghers had not mentioned nonpayment of December's rent, but that since the Gallaghers said they had not received December's rent, Borden was enclosing $150 for December's rent.

On June 7, 1991, the Gallaghers filed suit in the Franklin County Court of Common Pleas, seeking recovery of damages for fraud, a declaration that the lease was no longer in effect, and an order directing Borden to correct inaccurate IRS 1099 forms which it had issued.

Borden and Wendy's ultimately filed a motion for summary judgment, which the trial court granted. The Gallaghers have appealed, assigning three errors:

"(1) The court erred in holding the rent default by defendant, Borden, was cured within the time period provided in the original lease because the lease does not require that specific months of unpaid rent be identified.

"(2) The court erred in holding that incorrect IRS 1099 reporting by defendant, Borden, is not an injustice to plaintiffs because the IRS compares the data furnished on the 1099 with the income tax returns for whom the 1099 is issued and, if inconsistent, may propose changes to their taxes, and has proposed changes to plaintiffs['] returns.

"(3) The court erred in holding that plaintiffs did not plead with particularity and dismissing their complaint for fraud, mistake, or undue influence in the execution because the court failed to consider the Probate Court documents attached to the complaint which showed inconsistency with the lease that is unexplained."

The Gallaghers' first assignment of error asserts that the trial court erred in finding that the lease requires that the months of rental payments in default be identified in the notice of default.

Pursuant to the provisions of paragraph seven of the lease at issue, if the rent is in arrears and unpaid for over thirty days, the Gallaghers must give written notice to Borden of their intent to declare a default under the lease. Borden then has fifteen days after receipt of "such notice of default" to "correct such default." If Borden fails to do so, then the Gallaghers may take steps to repossess the premises. Clearly, then, the lease provides Borden an opportunity to cure a default under the lease, and coupled with that opportunity is the lease requirement that Borden be given notice of the default. The issue before us is what "notice of the default" entails.

The Gallaghers urge that notice of default means simply that the Gallaghers advise Borden that some unspecified rental payment has not been made. We disagree. Inherent in the opportunity to cure a default is knowledge of what is in default. Absent knowledge of what must be corrected in order to avoid the specified penalty, the right to cure the default becomes a meaningless guessing game. Hence, in requiring the Gallaghers to provide Borden with "notice of default," the lease requires that the Gallaghers advise Borden of the specific nature of the default, so that Borden may effectively exercise its rights under the lease to cure the default within the specified fifteen days.

The court, in *Blair v. Glenbrook Food Distrib., Inc.* (May 13, 1987), Summit App. No. 12889, unreported, 1987 WL 11522, reached a similar result under similar lease provisions both requiring notice of default and providing the lessee an opportunity to cure. The trial court therein found that the notice provisions of the lease required the lessor to advise the lessee of the specific default. Concluding that the lessor had failed to provide the required specifics concerning default, the trial court found for the lessee. The court of appeals reversed, but it did not disturb the trial court's conclusion that notice of default requires specific informa-

tion concerning the default. Rather, the court of appeals concluded that the written letters therein sufficiently advised the lessee of the nature of the default so as to allow effective exercise of the right to cure the default.

 In the present instance, the Gallaghers' notice simply advised Borden of the fact that rent was unpaid; even though the Gallaghers had not received rent for December, January and February, they did not advise Borden of the specific months at issue. Having failed to provide Borden with the specific information necessary to permit effective exercise of Borden's right to cure under the lease, the Gallaghers failed to take the prerequisite actions necessary to exercising their right to repossess the premises.[1] Thus, as a matter of law, the Gallaghers are not entitled to repossession of the premises or termination of the lease.

 Further, as it turned out, three months' rent was in default at the time the Gallaghers sent Borden their initial notice. Borden responded with a check for three months' rent, or $450, the amount then in arrears. However, unaware of the months purportedly in default, and having sent a check for December's rent, Borden labeled the checks as rent for January, February and March, even though at the time of the Gallaghers' notice, the March rent was not yet thirty days in arrears. On receiving the Gallaghers' second letter that December's rent remained unpaid and that the lease was deemed terminated, Borden paid an additional $150 within the fifteen-day grace period allowed by the lease, but also within the time guidelines specified under the lease for the March rent.

Thus, even if the lease could be interpreted to allow a generic, unspecific notice of default, then Borden's response of the amount then due of three months' rent, although improperly designated, meets Borden's obligation to cure the default as required under the lease. Tender of the additional $150 brought Borden current in its rental payments through the month of March and fulfilled Borden's rental obligations under the lease.

Given the foregoing, the Gallaghers' first assignment of error is overruled.

 In their second assignment of error, the Gallaghers take issue with the accuracy of Borden's IRS reporting.

Borden generated an inaccurate IRS form 1099 for calendar year 1990, indicating that Dorothy M. Gallagher was paid $1,800 in "non-employee compensation," as opposed to "rent." In their prayer for relief in the complaint, the Gallaghers asked that Borden be ordered to correct the inaccurate 1099 form. Borden, in its answer to the complaint, admitted that the 1099 form contained

---

1. The Gallaghers' assertion that they gave verbal notice to someone at Borden that the December rent remained unpaid, even accepted as true under these summary judgment proceedings, is not pertinent, as the lease requires that the notice be in writing.

inaccurate information. Nonetheless, the trial court granted Borden summary judgment on the claim, finding: "Due to the fact that plaintiffs incurred no additional tax liability due to Borden's classification, no harm has been incurred."

Contrary to the trial court's determination, certain taxes are applicable to non-employee compensation, but not to rental income. Thus, the Gallaghers face potential financial harm from the inaccurate information, if only in obtaining professional assistance to convince IRS that Borden generated an inaccurate 1099 form and that they do not owe certain taxes on the reported $1,800, or whatever portion of it they received in 1990.

While Borden has indicated at oral argument that it has now filed an amended 1099 form, counsel for the Gallaghers denies knowledge of the corrected form. Thus, we cannot say that this claim is moot.

Finding it appropriate that a court require Borden to do that which federal law requires, we sustain the second assignment of error. The judgment of the trial court as to this claim is reversed so that the trial court may address the issues of mootness and actual financial harm in assessing whether a court order should issue.

The Gallaghers' third assignment of error asserts that the trial court erred in dismissing their fraud claims.

The complaint does not allege fraud or another similar theory of recovery with sufficient particularity to comply with Civ.R. 9(B), which provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

However, in journalizing its dismissal of the fraud claim, the trial court dismissed the claim with prejudice. To that extent, the trial court erred. A dismissal for failure to state a claim is not a dismissal with prejudice, but a dismissal without prejudice. Hence, to that limited extent, the third assignment of error is sustained, and this matter is remanded under the third assignment of error to allow the trial court to dismiss the fraud claims without prejudice.

Accordingly, the first assignment of error is overruled, the second and third assignments of error are sustained to the extent set forth herein, the judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings consistent herewith.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

BOWMAN, J., concurs.

TYACK, J., dissents in part and concurs in part.

TYACK, Judge, dissenting in part and concurring in part.

Since I do not feel that summary judgment should have been granted to the appellees, I dissent as to the disposition of the first assignment of error.

Paragraph seven of the lease, set forth *in toto* in the opinion above, includes the following language:

" * * * If said rent * * * shall be in arrears and unpaid for over 30 days, Lessors shall give written notice to Lessee *of their intent to declare a default under the lease.* * * * " (Emphasis added.)

The lease, as written, requires notice of the *intent* to declare a default, *not* written notice specifying all the particularities of the default.

The majority opinion seems to me to rewrite the actual terms of the lease, thereby avoiding harsh results for Borden of the sloppy conduct of some Borden employees in the handling of the lease payments due the Gallaghers.

This lease, as most leases, presumes that a lessee knows when it has not paid the rent. Therefore, the lessee does not need the lessor to tell it each and every monthly payment which has not been made. As a result, the lease provides only for notice that the default remedy is to be pursued.

Construing the facts before the trial court most favorably to the Gallaghers, as the trial court was required to do in ruling upon a motion for summary judgment, Borden knew that the December rent had never been received by the Gallaghers and, therefore, that Borden was in default as to the rent for December. The records before the trial court indicated that the rent check generated after the notice of the intent to declare a default was computer-generated and was generated reflecting a former address for the Gallaghers. The Gallaghers testified, via depositions which were before the court, that they never received the December rent check and that they advised Borden of the fact in January 1991 by telephone, well before the notice of intent to declare a default was received by Borden. Further, Borden should be presumed to know, or at least had the ready ability to determine, that the check it claims was sent for the month of December had never cleared Borden's checking account.

The resulting factual scenario is that Borden sent the December rent check to the wrong address so that the check was never received by the Gallaghers. Borden sent no rent checks whatsoever for the months of January and February (perhaps because the December check was returned to Borden and therefore Borden knew its computer was sending the rent checks to an inaccurate address). Borden did not correct the problem when expressly advised in January by the

Gallaghers that neither the December nor the January rent had been paid. Then, when the written notice of intent to declare a default was received from an attorney representing the Gallaghers, Borden paid only a portion of the rent due.

Under the circumstances, I believe that Borden was not entitled to a summary judgment declaring that it had cured the default in accordance with the terms of the lease. Therefore, I believe that the first assignment of error should be sustained and the cause should be remanded for trial.

As to the resolution of the second and third assignments of error, I fully concur.