CAIRNS et al., Appellants,

v.

OHIO SAVINGS BANK, Appellee.

[Cite as *Cairns v. Ohio Sav. Bank* (1996), 109 Ohio App.3d 644.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68528.

Decided March 4, 1996.

*John T. Murray; Charles S. Zimmerman* and *Barry G. Reed; Peter M. Racher* and *M. Scott Barrett;* and *Henry J. Price,* for appellants.

*Marc W. Freimuth* and *Roy E. Lachman; David J. Butler* and *Tacie H. Yoon,* for appellee.

TIMOTHY E. MCMONAGLE, Judge.

Plaintiffs Dennis and Madonna Cairns (collectively, "appellants") appeal from the judgment of the Cuyahoga County Court of Common Pleas dismissing their putative class action complaint against Ohio Savings Bank for failure to state a claim upon which relief can be granted. For the reasons which follow, we affirm in part and reverse in part the judgment of the trial court.

I

The facts alleged in the complaint of the appellants are as follows: The appellants are residents of Cuyahoga County, Ohio. Ohio Savings Bank holds and services a mortgage on the appellants' home. Pursuant to the mortgage

agreement between the parties, Ohio Savings maintains an escrow account on behalf of the appellants, funded by monthly payments and used to pay property taxes and insurance premiums as they become due. The appellants allege that Ohio Savings keeps a so-called "cushion," or overage, in the escrow account that is in excess of the amount allowable by the mortgage's contractual provisions and the provisions of Section 10 of the Real Estate Settlement Procedures Act (the "RESPA"), Section 2609, Title 12, U.S.Code, which limits the amount of money that a borrower can be required to deposit into an escrow account in connection with a federally related mortgage loan. The miscalculation is alleged by the appellants to apply to thousands of similarly situated mortgagees throughout the United States whose mortgages are held or serviced by Ohio Savings, with an average surplus in each escrow account of several hundred dollars. The appellants' complaint asserts claims for breach of contract, fraud and/or negligent misrepresentation and breach of fiduciary duty.

With respect to relief, the appellants' complaint seeks, *inter alia,* a permanent injunction enjoining Ohio Savings "from requiring any mortgagor to establish or maintain in an escrow account an actual cushion in excess of the cushion authorized by the underlying mortgage agreement." It further requests that the court direct Ohio Savings "to recalculate for each mortgage held or serviced by them [*sic*] in the amount of each mortgagor's escrow balance, and to make such adjustments as are necessary to ensure that the balance in the escrow account does not exceed the amount authorized by the underlying mortgage contract, and to pay to the mortgagor a refund of any excess balances plus interest."

In response to the complaint, Ohio Savings Bank filed a motion to dismiss each of the appellants' claims. Ohio Savings argued that the breach of contract claim should be dismissed because the appellants did not allege when the breaches occurred or what contractual provisions of the mortgage agreement were breached. Ohio Savings argued that the fraud and/or negligent misrepresentation claims should be dismissed because Ohio does not recognize a cause of action for tortious breach of contract and, further, because the allegations made fail to satisfy the requirement under Civ.R. 9(B) that averments of fraud be stated with particularity. Finally, Ohio Savings argued that the appellants' claim for breach of fiduciary duty should be dismissed because, under Ohio law, the relationship between a mortgagor and a mortgage servicer is not fiduciary.

The trial court granted Ohio Savings's motion to dismiss in its entirety. The journal entry did not specify whether the dismissal was with or without prejudice. It is from this judgment that the appellants now appeal.

## II

On appeal, the appellants argue that the trial court erred in dismissing their complaint, which, they maintain, demonstrated a breach of the mortgage

agreement, pleaded fraud with specificity and demonstrated that Ohio Savings Bank had deliberately misled them while acting as a fiduciary.

Under the rules of notice pleading, Civ.R. 8(A)(1) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." When construing a complaint for failure to state a claim under Civ.R. 12(B)(6), a court must accept as true all factual allegations in the complaint. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. For a court to grant a motion to dismiss, it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

■ With regard to the appellants' breach of contract claim, such a claim is generally pleaded by stating the terms of the contract, the performance by the plaintiff of his obligation, the breach by the defendant, consideration and damages. *Harper v. Miller* (1957), 109 Ohio App. 269, 11 O.O.2d 17, 164 N.E.2d 754.

In their complaint, the appellants alleged the following:

"12. Many of the underlying mortgage contracts on which Defendant collects monthly escrow payments provide for only a one-month cushion; many others provide for no cushion at all.

"13. Defendant, however, repeatedly and continually requires homeowners to maintain cushions in their escrow accounts which exceed the contractual and statutory limits, while representing to the homeowner that such payments are 'required.'

"14. In particular, Defendant calculates the amounts it requires homeowners to maintain in their escrow accounts according to an accounting technique known as individual item analysis. Unless one using individual item analysis builds safeguards into the system, use of this method of analysis creates escrow balances in excess of contractual and statutory limits.

"15. Defendant fails to build safeguards into the individual item analysis system it uses and thus does not prevent excessive balances in homeowners' escrow accounts from arising.

"16. Defendant also fails to reduce such escrow accounts to the legally allowed appropriate balances when excesses in homeowners' escrow accounts arise. To the contrary, it reports such overages as 'shortages' or grossly under-reports the amount of such overages, while continually failing to properly refund the overages it does report.

"17. As a result of Defendant's practices, for many homeowners, the escrow balance in their account never drops to the permissible yearly amount necessary

to pay taxes and insurance and to comply with the contractual limit, but instead exceeds both the statutory or contractual ceiling.

"18. By requiring homeowners to maintain such excess escrow balances, Defendant repeatedly violates federal and state law and breach [*sic*] their mortgage contacts with homeowners.

"19. By requiring homeowners to maintain such excess escrow balances and under-reporting their amount in annual escrow analyses, or by reporting such overages as shortages in such analyses, Defendant also, knowing the Plaintiffs would rely thereon, repeatedly misrepresents to homeowners the amount that can lawfully be maintained in a homeowners' escrow account pursuant to both RESPA and the homeowners' mortgage contract and actually misrepresents such amounts.

"20. By these actions, Defendant has systematically extracted excessive escrow payments from thousands of homeowners throughout the United States, including Plaintiffs. As a result, these homeowners have suffered and continue to suffer irreparable harm. The average surplus may amount to several hundred dollars per individual consumer. Defendant's improper practices have thus deprived homeowners of millions of dollars. Because most homeowners are unfamiliar with the complicated escrow analysis performed by Defendant, they rely on the Defendant and do not check to determine whether they are being required to maintain more than applicable law permits in their mortgage escrow accounts. The Plaintiffs in this action have consistently been required by the Defendant to maintain cushions of between two and four months of the payment in their escrow accounts, despite the fact that their mortgage permits no such cushion at all. In addition, Defendant has consistently under-reported the amount of such surpluses, and in at least two instances has reported a shortage in the account and demanded extra payments when there was, in fact, a sizeable surplus or overage."

These allegations in the appellants' complaint support an allegation of breach of contract. It was not necessary, as Ohio Savings Bank argues, that the contractual obligations breached be pleaded with greater specificity. It was also not necessary that the complaint state when the breaches occurred. Time is not a necessary material allegation in this breach of contract claim. Civ.R. 9(F) and 8(A). Accordingly, the trial court erred when it granted Ohio Savings Bank's motion to dismiss this claim.

■ With regard to the appellants' claim for breach of fiduciary duty, Ohio Savings Bank argues that this claim was appropriately dismissed by the trial court because the relationship between a mortgage servicing agent and a mortgagor is not, as a matter of law, fiduciary in nature. They further argue

that the appellants failed to allege facts giving rise to a *de facto* fiduciary relationship. The appellants, on the other hand, argue that Ohio Savings Bank's role as a mortgage servicing agent is distinguishable from its role as a creditor or money lender, which they concede is nonfiduciary. Specifically, the appellants contend that it is Ohio Savings Bank's management and control over their escrow account which gives rise to fiduciary duties of honesty, loyalty, and trust.

■■ A fiduciary relationship is one in which a " 'special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' " *Stone v. Davis* (1981), 66 Ohio St.2d 74, 78, 20 O.O.3d 64, 66–67, 419 N.E.2d 1094, 1097–1098. The fiduciary's role may be assumed by formal appointment, or it may arise *de facto* from a more informal confidential relationship. *Id.* at 78, 20 O.O.3d at 66, 419 N.E.2d at 1097. Such a confidential relationship, however, cannot be unilateral. A fiduciary duty may arise from an informal relationship only if both parties understand that a special trust or confidence has been reposed. *Umbaugh Pole Bldg. Co. v. Scott* (1979), 58 Ohio St.2d 282, 12 O.O.3d 279, 390 N.E.2d 320; *Craggett v. Adell Ins. Agency* (1993), 92 Ohio App.3d 443, 635 N.E.2d 1326.

There is nothing in the mortgage agreement which expressly gives rise to a fiduciary relationship between the parties. Furthermore, there is no allegation in the complaint of a *de facto* fiduciary relationship between the parties. Ohio Savings Bank is required by the terms of the mortgage agreement to disburse funds to pay the appellants' property taxes and their homeowner's insurance; however, this does not create a relationship in which "special confidence and trust is reposed in the integrity and fidelity" of Ohio Savings Bank. Therefore, the trial court appropriately dismissed the appellants' claim for breach of fiduciary duty.

■ Turning now to the appellants' claims for fraud and negligent misrepresentation, Ohio Savings Bank argues that these claims were appropriately dismissed by the trial court because Ohio law recognizes a cause of action in tort by one party to a contract against another only where a duty which is separate and distinct from contractual duties is breached. See *Motorists Mut. Ins. Co. v. Said* (1992), 63 Ohio St.3d 690, 694, 590 N.E.2d 1228, 1232. Ohio Savings Bank insists that it owed appellants no duties other than those set forth in their mortgage agreement. The appellants counter that their claims for fraud and negligent misrepresentation are distinct from their contract claim as these claims emanate from the fiduciary duties owed to them by Ohio Savings Bank.

Since appellants have premised their tort claims for fraud and negligent misrepresentation on the existence of fiduciary duties between the parties and we have determined that appellants have failed to set forth any facts which would

entitle them to relief under a claim for breach of fiduciary duty, we find that the trial court appropriately dismissed their claims for fraud and negligent misrepresentation.

For the aforestated reasons, we sustain that portion of appellants' claimed error which argues that the trial court erred in dismissing their breach of contract claim. We overrule the remainder of appellants' arguments, which assert that the trial court erred in dismissing their claims for breach of fiduciary duty, fraud and negligent misrepresentation. The breach of contract claim is hereby remanded for further proceedings according to law.

## III

■ The appellants additionally argue that the trial court's dismissal of their fraud, negligent misrepresentation and breach of fiduciary duty claims pursuant to Civ.R. 12(B)(6) was without prejudice. We disagree.

The journal entry filed by the trial court granting Ohio Savings Bank's motion to dismiss failed to indicate whether the dismissal was with or without prejudice. In this situation, Civ.R. 41(B) provides:

"Involuntary dismissal: effect thereof.

" * * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided for in subsection (4) of this subdivision, *operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.*" (Emphasis added.)

Under Civ.R. 41(B)(3), therefore, the dismissal of an action under Civ.R. 12(B)(6) is with prejudice unless the court, in its dismissal order, stipulates otherwise. See *State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585, 588, 632 N.E.2d 1367, 1369 ("The Supreme Court's entry of dismissal [under Civ.R. 12(B)(6) ] fails to specify that it constitutes anything but an adjudication on the merits. Therefore, pursuant to Civ.R. 41(B)(3), the Supreme Court's entry of dismissal of appellant's first mandamus complaint operates as an adjudication on the merits."); *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 383, 594 N.E.2d 48, 49 ("Like dismissals under Civ.R. 41[B][1], a dismissal under Civ.R. 12[B][6] operates as an adjudication on the merits. Civ.R. 41[B][3]."); *Western Ins. Co. v. Lumbermans Mut. Ins. Co.* (1985), 26 Ohio App.3d 137, 138, 26 OBR 354, 355, 499 N.E.2d 1, 2 ("One of the grounds for dismissal of Western's complaint was the failure to state a claim, pursuant to Civ.R. 12[B][6]. Because the order of dismissal did not specify otherwise, it constituted an adjudication on the merits. Civ.R. 41[B][3]."); but, cf., *Gallagher*

*v. Borden, Inc.* (1992), 84 Ohio App.3d 185, 616 N.E.2d 577, and *Weinstock v. Yeshivath Adath B'nai Israel* (May 11, 1995), Cuyahoga App. No. 67413, unreported, 1995 WL 277067 (where courts failed to consider application of Civ.R. 41[B][3] to a dismissal under Civ.R. 12[B][6] ).

Because the trial court's order of dismissal did not specify that it was without prejudice, it constituted an adjudication on the merits.

The judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

SPELLACY,, P.J., concurs.

DYKE, J., dissents.

ANN DYKE, Judge, dissenting.

I respectfully dissent from the majority's holding as to the second assignment of error only. The case law seems to be divided as to the issue of whether a dismissal under Civ.R. 12(B)(6) is an adjudication on the merits or whether it is never an adjudication on the merits. Even within our own court, some of the cases hold that Civ.R. 41(B)(3) renders a dismissal an adjudication on the merits if the court fails to indicate on the journal entry that the dismissal is with prejudice or without prejudice. I would follow the most recent holdings out of this court and find that the dismissal of the appellants' second and third claims is without prejudice.

The majority relies upon *State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585, 632 N.E.2d 1367, *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 594 N.E.2d 48, and *Western Ins. Co. v. Lumbermans Mut. Ins. Co.* (1985), 26 Ohio App.3d 137, 26 OBR 354, 499 N.E.2d 1, for the proposition that Civ.R. 41(B)(3) renders any dismissal an adjudication upon the merits if the court fails to indicate that the dismissal is without prejudice. None of these cases is out of this court. As published opinions, the cases are persuasive but not binding upon this court.

*Mayrides* has been cited by several cases from Cuyahoga County to support the proposition that Civ.R. 12(B)(6) motions are final adjudications on the merits. See *Willis v. Cuyahoga Metro. Hous. Auth.* (Feb. 10, 1994), Cuyahoga App. No. 65472, unreported, 1994 WL 43884, and *Fant v. Greater Cleveland Regional Trans. Auth.* (June 9, 1994), Cuyahoga App. No. 66415, unreported, 1994 WL 258556. However, *Mayrides* stood for the proposition that a trial court may not dismiss a cause of action without notification of the parties. The Franklin County appellate court's finding that a 12(B)(6) motion "operates as an adjudication on

the merits" was not relevant to its disposition of the appeal and, therefore, was dicta. *Mayrides v. Franklin Cty. Prosecutor's Office,* 71 Ohio App.3d at 383, 594 N.E.2d at 49.

Furthermore, the Franklin County appellate court has released a more recent case where it has found that the trial court erred in actually marking a dismissal for failure to state a claim as dismissed with prejudice:

"However, in journalizing its dismissal of the fraud claim, the trial court dismissed the claim with prejudice. To that extent, the trial court erred. A dismissal for failure to state a claim is not a dismissal with prejudice, but a dismissal without prejudice." *Gallagher v. Borden, Inc.* (1992), 84 Ohio App.3d 185, 190, 616 N.E.2d 577, 580.

I find that it defies logic to rule a dismissal which the trial court failed to mark as with or without prejudice as an adjudication on the merits but to find that an identical dismissal which was marked "with prejudice" should not operate as an adjudication on the merits. In the interest of fairness, parties should have the opportunity to amend and refile their complaints in many instances where the initial complaints failed to state a claim for relief. I would follow the more recent case from this court dealing with this issue, which relies upon the more recent Franklin County case, *Gallagher v. Borden, supra,* to hold that the trial court's dismissal of appellants' second and third claims was without prejudice. See *Weinstock v. Yeshivath Adath B'nai Israel* (May 11, 1995), Cuyahoga App. No. 67413, unreported, 1995 WL 277067.