OPINION
Plaintiffs-appellants Edward Everhart, et al. appeal the judgment of the Fairfield County Court of Common Pleas which granted the motion for summary judgment filed by defendants-appellees Greenfield Township Water and Sewer District, et al.
 STATEMENT OF THE CASE
On December 5, 1994, a group of property owners including appellants filed a complaint in the Fairfield County Court of Common Pleas captioned Coalition Against Unfair Assessment and Greenfield Township Water and Sewer District (hereinafter "Coalition") v. Greenfield Township Water and Sewer District, et al. The complaint sought an injunction prohibiting appellees from collecting any assessments levied by appellees upon the group's properties. The complaint was assigned Case No. 94-CV-433 (hereinafter "Case No. 1"). The Coalition filed a first amended complaint in that action on December 16, 1994. Appellees filed their answer on January 9, 1995. On February 28, 1995, appellees filed a motion to dismiss Case No. 1 pursuant to Civ. R. 12 (B) (6) for failure to state a claim upon which relief could be granted and for lack of standing. An oral hearing was held on that motion. On May 12, 1995, the trial court filed its Judgment Entry sustaining appellees' motion to dismiss on both grounds asserted therein. Appellants did not appeal that decision.
On August 4, 1995, appellants, as individually named party plaintiffs, filed their complaint in the case sub judice in the Fairfield County Court of Common Pleas. The complaint was assigned Case No. 95-CV-296 (hereinafter "Case No. 2"). This complaint sought virtually the same relief requested in Case No. 1. Appellees filed their answer on September 9, 1995. Thereafter, on December 30, 1996, appellees filed a motion for summary judgment. Following appellants' response and appellees' reply thereto, the trial court issued its Judgment Entry filed June 11, 1997, granting appellees' motion for summary judgment on the basis of res judicata. It is from that entry appellants prosecute this appeal assigning as error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW IN HOLDING THAT PLAINTIFFS-APPELLANTS' CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.
For the reasons which follow, we overrule this assignment of error.
Two legal issues need to be resolved in order to determine appellants' assignment of error. The first is whether appellants were a party to Case No. 1. The second is whether the trial court's judgment in Case No. 1 was "on the merits".
As to the first issue, appellants argue the trial erred as a matter of law in finding they were a party or in privity to the Coalition in Case No. 1. Appellants argue "parties" to a judgment are only those who are named as such in the record and are properly served with process or enter their appearance. Because the Coalition was the named party in Case No. 1 and the appellants were individually named as the parties in Case No. 2, appellants contend res judicata cannot apply. We disagree.
Appellants admit they were members of the Coalition, but assert they did not have any direct control over Case No. 1. Appellants' argument fails because the doctrine of res judicata
applies not only to the named parties to an action, but also to those in privity with the named parties. Norwood v. McDonald
(1943), 142 Ohio St. 299; Whitehead v. Gen. Tel. Co. (1969),20 Ohio St.2d 108. Appellants were members of the Coalition and actively participated in Case No. 1. We agree with the trial court that appellants were in privity with the named plaintiff in Case No. 1.
As to the second issue, it is necessary to determine the nature of the trial court's disposition of Case No. 1. The trial court judge in Case No. 2 found the trial court's decision in Case No. 1 to be a summary judgment decision and; therefore, concluded it was a judgment on the merits. If this is a correct finding,res judicata applies. Appellants contend such finding was legally erroneous. Appellants assert the effect of the trial court's ruling in Case No. 1 is dictated by the procedural posture under which it was rendered. Appellants argue because the trial court's decision in Case No. 1 granted appellees' motion to dismiss for failure to state a claim under Civ. R. 12 (B)(6), it was not a decision on the merits and; therefore, res judicata does not apply. In support of this principle of law, appellants cite three appellate court cases: Slife v. Kundtz Prop., Inc. (1974),40 Ohio App.2d 179; Plummer v. Hose (1993), 83 Ohio App.3d 392,393; and Gallagher v. Borden, Inc. (1992), 84 Ohio App.3d 185,190. Appellees, in their Brief to this Court, neither mention nor dispute this principle of law. Appellants further note, "At no time was there ever a full evidentiary hearing", and the trial court heard only arguments of counsel. (Appellants' Brief at 13). Accordingly, appellants argue they were never given a full and fair opportunity to litigate the issue and; therefore, resjudicata does not apply.
Although the title of the motion which precipitated the trial court's ruling in Case No. 1 and the trial court's characterization thereof in its rulings are factors in our analysis, those two factors are not controlling. A Civ. R. 12 (B) (6) ruling is limited to an analysis of the plaintiffs' complaint. Any consideration of evidence outside the pleadings is prohibited. If the trial court elects to consider evidence beyond the pleadings, it may convert a defendant's Civ. R. 12 (B) (6) motion into a summary judgment motion provided notice and an opportunity to submit evidentiary material in response thereto are given to the plaintiff. See, Civ. R. 12 (B). Failure to provide such notice and opportunity to respond is subject to attack on direct appeal and is reversible error.
Upon review of the trial court's granting of appellees' motion to dismiss in Case No. 1, we note the trial court found therein "the procedure governing Defendant Water and Sewer District is prescribed by O.R.C. 6119.47 and was followed." (May 12, 1995 Judgment Entry, emphasis added). Whether O.R.C. 6119.47
was followed was the key issue in that case. Such statement by the trial court suggests to us that factual issue (s) may have been resolved by the trial court in its ruling.
In response to appellants' Brief, appellees argue the hearing on their motion in Case No. 1 involved "extensive discussion of plaintiffs' substantive claim." (Appellees' Brief at 5). Discussion of the substantive claims would not, in and of itself, be sufficient to convert the proceeding from a Civ. R. 12 (B) (6) motion into one for summary judgment under Civ. R. 56. It is the proffer and the consideration of evidence outside the complaint which transforms the nature of the hearing and controls whether the resultant ruling is on the merits.
Review of the transcript of the hearing in Case No. 1, filed in Case No. 2 on April 11, 1997, reveals the following:
Mr. Stebelton (on behalf of the plaintiff):
 1. Also, we have attached to our memorandum some minutes of the meetings which were held by this water and sewer district, which specifically reflect that this water and sewer district, although it supposedly knows what the laws are and supposedly knows what the procedures are supposed to be, has deliberately and intentionally — presumably intentionally — violated its own procedures and violated the statute set forth in the Ohio Revised Case.
 For example, they say, "Well, your entitled to have twenty-eight days notice. We didn't tell you you had twenty-eight days. But, by the way, you do have twenty-eight days." (Transcript of Hearing held March 10, 1995, at 26).
 2. Those people who have, in fact, objected — and one of our members of this association, as, in fact, objected, John McGraw — and that's attached to the memorandum which we filed. (Transcript of Hearing held March 10, 1995 at 22).
 3. But I would like to go back to the minutes of this group itself and talk a little bit about the statutory procedure. (Transcript of Hearing held March 10, 1995 at 39).
We find counsel for appellants' reference to the minutes and the objection by Mr. McGraw indicates evidentiary material beyond the pleadings was submitted by appellants and considered by the trial court.
Also in the transcript of the March 10, 1995 hearing is a reference by Mr. Brunetto (counsel for appellees) to an exhibit introduced by counsel for appellants at the preliminary injunction hearing in Case No. 1.[1] (Transcript of Hearing held March 10, 1995 at 8). The hearing on the preliminary injunction was held prior to the trial court's ruling on appellees' motion to dismiss. Although this exhibit goes to the standing issue, it, nonetheless, is of evidentiary quality.
Based upon the above, we find evidentiary material outside the pleadings was submitted by the appellants in Case No. 1 and considered by the trial court when deciding appellees' motion to dismiss. Such evidence converted said motion, de facto, into a summary judgment decision. Judge Martin's finding that R.C.6119.47 was followed is consistent with such an interpretation. Therefore, we agree with Judge Clark's characterization of Judge Martin's ruling in Case No. 1 that it was a summary judgment proceeding. As such, it was "on the merits".
Having found appellants were in privity with the named party in Case No. 1 and having found the ruling Case No. 1 to have been on the merits, we conclude the trial court correctly found Case No. 2 was barred under res judicata principles. Accordingly, we overrule appellants' assignment of error.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur
 JUDGMENT ENTRY
CASE NO. 97CA48
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] The exhibit is a petition requesting re-evaluation of the assessments.