{¶ 53} The majority notes, and I agree, that that an insurance company may oblige itself to notify policyholders of decisions such as Martin that impact insurance purchasing decisions by entering into a fiduciary relationship with its policyholders. It follows, therefore, that without having established a fiduciary relationship or similar relationship between the insurance company and its policyholders, there is no duty to disclose. See Federated Mgt. Co. v. Coopers Lybrand
(2000), 137 Ohio App.3d 366, 384; Martin v. Grange Mut. Ins.Co. (2001), 143 Ohio App.3d 332, 339.
 {¶ 54} Appellants have appealed the trial court's decision granting summary judgment to Appellee, State Farm. As stated above, summary judgment may be properly granted when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 55} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 56} I believe that, contrary to the majority's decision, Appellants have not met the Dresher standard in showing that there are genuine factual issues remaining to be litigated. The majority found that a factual issue remained regarding the existence of a fiduciary relationship between the parties that would give rise to a duty to disclose the Martin decision. I disagree.
 {¶ 57} A fiduciary is one who, due to his own undertaking, has a duty to act "primarily for the benefit of another in matters connected with his undertaking." (Emphasis omitted.)Haluka v. Baker (1941), 66 Ohio App. 308, 312; Strock v.Pressnell (1988), 38 Ohio St.3d 207, 216. A fiduciary relationship entails a "special confidence and trust."Culbertson v. Wigley Title Agency, Inc. (Feb. 13, 2000), 9th Dist. No. 20659, at 7, quoting In re Termination of Employment
(1974), 40 Ohio St.2d 107, 115. This confidence and trust "is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." Culbertson at 7, quoting In reTermination of Employment, 40 Ohio St.2d at 115.
 {¶ 58} Fiduciary relationships may arise from a formal agreement or de facto from an informal relationship, if the parties understand that a special trust or confidence has been reposed. Culbertson at 7, citing Cairns v. Ohio Sav. Bank
(1996), 109 Ohio App.3d 644, 649, citing Umbaugh Pole Bldg. Co.v. Scott (1979), 58 Ohio St.2d 282, paragraph one of syllabus. An informal relationship, however, cannot be unilateral, and occurs only where "both parties understand that a special relationship or trust has been reposed." Culbertson at 9, citing Umbaugh Pole, 58 Ohio St.2d, at 286.
 {¶ 59} When alleging a breach of fiduciary duty, as Appellants are in this case, they must first prove the existence of a fiduciary relationship and then must prove the existence of a duty arising out of a fiduciary relationship, failure to observe that duty, and injury resulting proximately there from.Culbertson, at 7, citing Strock, 38 Ohio St.3d at 216. In the absence of a showing of a fiduciary relationship, one will not owe fiduciary duties to another. Culbertson at 7, citing In reTermination of Employment, 40 Ohio St.2d at 115.
 {¶ 60} I believe that Appellants have not met the Dresher
burden necessary to overcome Appellee's motion for summary judgment. Appellee maintains that no fiduciary relationship was created between its agents and its policy holders, and thus, there was no duty to disclose. I find that Appellants failed to present any evidence tending to show that Appellee's agents intended to create fiduciary relationships with its policy holders. Consequently, I respectfully dissent from the majority's finding that a genuine issue of material facts exists as to whether or not a fiduciary relationship existed between the parties.