[Cite as *Quicken Loans, Inc. v. Jodlowski*, 2017-Ohio-8999.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| QUICKEN LOANS, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2017CA00104 |
| | : | |
| BETTY JEAN JODLOWSKI, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Stark County Court of
                                 Common Pleas, Case No.
                                 2016CV00485



JUDGMENT:                        AFFIRMED



DATE OF JUDGMENT ENTRY:          December 12, 2017



APPEARANCES:

For Plaintiff-Appellee:                 For Defendants-Appellants:

ASHLEY E. MUELLER                       TIMOTHY D. MCKINZIE
JASON A. WHITACRE                       VINCENT E. SAWYER IV
4500 Courthouse Blvd., Suite 400        593 White Pond Dr.
Stow, OH 44224                          Akron, OH 44320

*Delaney, P.J.*

{¶1} Defendant-Appellant Betty Jean Jodlowski appeals the May 24, 2017 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On January 18, 2011, Defendant-Appellant Betty Jean Jodlowski executed a Note and Mortgage in favor of Plaintiff-Appellee Quicken Loans, Inc. As part of the mortgage agreement, Quicken Loans maintained an escrow account on behalf of Jodlowski. The escrow account was funded by Jodlowski's monthly mortgage payments and Quicken Loans paid the property taxes on the mortgaged property.

{¶3} On September 29, 2015, Quicken Loans notified Jodlowski she was in default of the terms of the Note and Mortgage. Jodlowski's last mortgage payment was on August 1, 2015. Jodlowski did not remedy the default.

{¶4} On March 2, 2016, Quicken Loans filed a complaint in foreclosure against Jodlowski. Jodlowski filed an answer on March 28, 2016.

{¶5} On July 11, 2016, Jodlowski filed an amended answer and asserted counterclaims for negligence and breach of contract. During the discovery process, it was discovered that Quicken Loans had failed to pay the property taxes due for the 2010 and 2011 tax years. The failure to pay the property taxes resulted in penalties and interest.

{¶6} On December 30, 2016, Quicken Loans sent a letter to Jodlowski admitting it erroneously failed to pay the property taxes due for the 2010 and 2011 tax years. The letter stated upon discovery of the error, Quicken Loans paid the due and owing property taxes for the 2010 and 2011 tax years with the funds from Jodlowski's escrow account. Upon a review of the escrow account, however, Quicken Loans determined that funds

from the escrow account were used to pay the resulting penalties and interest in the amount of $356.02. Quicken Loans stated this was in error and remitted a check in the amount of $356.02 to Jodlowski.

{¶7} Quicken Loans filed a motion for summary judgment on February 21, 2017. In its motion, Quicken Loans stated it was entitled to judgment as a matter of law on its complaint and the counterclaims raised by Jodlowski. Jodlowski did not respond to the motion for summary judgment and the trial court granted the judgment in favor of Quicken Loans on March 16, 2017. The decree in foreclosure was issued on March 27, 2017.

{¶8} Jodlowski filed a motion for relief from judgment on March 23, 2017 and an amended motion for relief from judgment on April 21, 2017. In her motion, she argued her failure to respond to Quicken Loan's motion for summary judgment was due to excusable neglect. Her attorney did not receive the motion due to an error in office filing. Jodlowski also contended she had a meritorious claim to present against Quicken Loans. She stated she had a viable claim for negligence and breach of contract based on the failure of Quicken Loans to pay her property taxes with her escrow account.

{¶9} Quicken Loans responded to the motion for relief from judgment. The trial court did not hold a hearing.

{¶10} On May 24, 2017, the trial court denied Jodlowski's motion for relief from judgment. The trial court found Jodlowski did not assert a meritorious defense and was not entitled to relief pursuant to Civ.R. 60(B).

{¶11} It is from this judgment Jodlowski now appeals.

**ASSIGNMENT OF ERROR**

{¶12} Jodlowski raises one Assignment of Error:

{¶13} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT DEFENDANT DID NOT HAVE MERITORIOUS COUNTERCLAIMS AGAINST PLAINTIFF WHEN DENYING THE MOTION TO VACATE SUMMARY JUDGMENT."

**ANALYSIS**

{¶14} Jodlowski argues in her sole Assignment of Error that the trial court abused its discretion when it denied her motion for relief from judgment. The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)–(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

**Excusable Neglect**

{¶16} Jodlowski argued in her motion to the trial court that her failure to respond to the motion to summary judgment was due to excusable neglect, she had meritorious defense or claim to present if relief was granted, and the motion was made within a reasonable time. In its judgment entry denying Jodlowski's motion for relief from judgment, the trial court stated it did not find Jodlowski demonstrated she had a meritorious defense or claim. The trial court's judgment entry did not address the issue of excusable neglect. In her appeal of the trial court's judgment entry, Jodlowski argues in her Assignment of Error that the trial court abused its discretion when it found Jodlowski did not have a meritorious counterclaim. Jodlowski does not separately assign as error the issue of excusable neglect, and because she has not assigned this issue as a separate assignment of error, we decline to address it. App.R. 12(A)(2); App.R. 16(A). *See Weaver v. Pillar*, 5th Dist. Tuscarawas No. 2011 AP 03 0017, 2012-Ohio-33, ¶ 14. Further, pursuant to *Rose Chevrolet, Inc., supra,* we find the trial court was not required to address the issue of excusable neglect because the failure of the moving party to establish any one of the three *GTE* requirements will cause the motion to be overruled.

**Meritorious Defense or Claim**

{¶17} Jodlowski argues in her appeal that the trial court abused its discretion when it found she did not present any meritorious claims if relief was granted. In her amended answer, Jodlowski raised claims of negligence and breach of contract. She argued Quicken Loans had a duty to use the funds Jodlowski deposited in escrow to pay property taxes for the mortgaged property. Quicken Loans admitted it failed to timely pay the property taxes. She contends that failure caused damages in the form of taxes and

penalties, as well as damages to Jodlowski's reputation because the delinquent taxes were public record.

{¶18} Quicken Loans addressed Jodlowski's counterclaims in its motion for summary judgment. It stated that Jodlowski could not support a claim for negligence because Quicken Loans did not owe Jodlowski a duty. It cited case law for the legal proposition that the relationship between a creditor and debtor was not a fiduciary relationship; therefore, Quicken Loans was not liable for errors in the administration of the escrow account. Quicken Loans further argued it was entitled to judgment as a matter of law on Jodlowski's claim for breach of contract. Quicken Loans contended when it recognized the error in the administration of the escrow account, it remedied the outstanding property tax balance and refunded Jodlowski the amount of penalties and interest. The alleged failure of Quicken Loans to timely pay the property taxes from the escrow account did not prevent Jodlowski from performing under the terms of the Note and Mortgage.

{¶19} Upon our review, we find the trial court did not abuse its discretion to find Jodlowski did not present a meritorious defense or claim if relief was granted. It has been held, and Jodlowski concedes, that generally a relationship between a creditor and a debtor is not fiduciary in nature. *Fifth Third Bank of Western Ohio, N.A. v. Grigsby*, 2nd Dist. Miami No. 97CA06, 1997 WL 432213, * 8 (Aug. 1, 1997); *Cairns v. Ohio Sav. Bank*, 109 Ohio App.3d 644, 648, 672 N.E.2d 1058 (8th Dist.1996).

{¶20} In *Fifth Third Bank of Western Ohio, N.A. v. Grigsby*, 2nd Dist. Miami No. 97CA06, 1997 WL 432213 (Aug. 1, 1997), the Second District Court of Appeals specifically addressed the question of whether a bank administering an escrow account

based on the terms of a Note and Mortgage could be liable for negligence when the bank incorrectly calculated the amount in the escrow account. The court found the mortgage loan and escrow account did not create a fiduciary relationship between the mortgagor bank and mortgagee:

We agree that while the relationship of debtor and creditor by itself does not constitute a fiduciary relationship, fiduciary duties may adhere to an informal relationship where "both parties understand that a special trust or confidence has been reposed." *Umbaugh Pole Building Co., Inc. v. Scott, et al.* (1979), 58 Ohio St.2d 282, 390 N.E.2d 320, paragraph one of the syllabus. The Supreme Court of Ohio has recently reaffirmed the principle that a debtor-creditor relationship is a fiduciary one only where a "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Ed Schory & Sons, Inc. v. Society National Bank* (1996), 75 Ohio St.3d 433, 662 N.E.2d 1074, 1081, quoting *In re Termination of Employment of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 517, 321 N.E.2d 603, 609.

In this case, the Grigsbys have failed to adequately allege any "special confidence and trust" resulting from their interactions with the Bank. Moreover, any "position of superiority or influence" enjoyed by the Bank is the result of arm's length negotiations over the commercial mortgage loans, not a mutual understanding of special trust or confidence. The Supreme Court has expressly held that a fiduciary relationship does not emerge from

the arm's length negotiation of terms and conditions of such loans. *Blon v. Bank One, Akron, N.A.* (1988), 35 Ohio St.3d 98, 102, 519 N.E.2d 363, 368; *Umbaugh, supra.* The Grigsbys charge that the Bank was "the only party with access and control over the records" does not allege circumstances that differ from standard relations between banks and their customers such that they could give rise to a fiduciary relationship.

In short, we believe that the trial court did not err in finding that no fiduciary relationship existed between the parties with respect to the administration of the loans or the escrow account. The Grigsbys entered into a relationship with "an institutional lender in a commercial context in which the parties dealt at arms length, each protecting his own interest." *Umbaugh, supra,* 58 Ohio St.2d at 58, 12 O.O.3d at 282, 390 N.E.2d at 323.

*Id.* at *8.

{¶21} The Eighth District Court of Appeals in *Cairns v. Ohio Sav. Bank*, 109 Ohio App.3d 644, 672 N.E.2d 1058 (8th Dist.1996) also held that a bank's role as a mortgage servicing agent managing an escrow account does not create a fiduciary relationship between a creditor and lender. The court found the terms of the mortgage agreement did not create a fiduciary relationship between the parties. *Id.* at *649. The court found that the terms of the mortgage agreement required the bank to disburse funds to pay the appellant's property taxes and homeowner's insurance. The agreement to disburse funds, however, did not create a relationship in which "special confidence and trust is reposed in the integrity and fidelity" of the bank. *Id.*

{¶22} Based on the above case law, we find the trial court did not abuse its discretion when it found Jodlowski did not have a meritorious claim for negligence. Jodlowski entered into a mortgage loan agreement whereby Quicken Loans agreed to disburse funds held in an escrow account to pay Jodlowski's property taxes. Jodlowski did not refer the trial court or this court to any language in the mortgage agreement creating a fiduciary relationship between Quicken Loans and Jodlowski as to the management of the escrow account. Jodlowski has not alleged any special confidence and trust resulting from her interactions with Quicken Loans in the administration of the escrow account. Accordingly, we find no fiduciary duties were created under these circumstances.

{¶23} Jodlowski next argues her claim for breach of contract is meritorious. She states that by the terms of the mortgage agreement, Quicken Loans was to pay Jodlowski's property taxes from funds in the escrow account. Quicken Loans failed to timely pay the property taxes for the 2010 and 2011 tax years, resulting in penalties and interest. According to the December 30, 2016 letter from Quicken Loans to Jodlowski, once Quicken Loans became aware of the error, it paid the property taxes for the 2010 and 2011 tax years. Quicken Loans also acknowledged that it erroneously paid the penalties and interest from the escrow account. Quicken Loans refunded the amount of penalties and interest to Jodlowski.

{¶24} In order to prove a claim for breach of contract by Quicken Loans, Jodlowski had to show: 1) the existence of a contract; 2) performance by the plaintiff; 3) nonperformance by the defendant; and 4) damages as a result. *Textron Fin. Corp. v. Nationwide Mutual Insurance Co.,* 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th

Dist.1996), citing *Garofalo v. Chicago Title Insurance Co.,* 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995). A plaintiff must prove the elements of a breach of contract by a preponderance of the evidence. *Cooper & Pachell v. Haslage,* 142 Ohio App.3d 704, 707, 756 N.E.2d 1248 (9th Dist.2001).

{¶25} In her motion for relief from judgment, Jodlowski does not dispute any statement made Quicken Loans in the December 30, 2016 letter as to the error made in the payment of the property taxes and the resolution made by Quicken Loans. Jodlowski has not alleged how she suffered damages as to the breach of contract beyond what was addressed in the December 30, 2016 letter. Jodlowski claimed that she suffered damage to her reputation due to the public records showing a delinquent tax payment, but damage to reputation is a cause of action separate from breach of contract. We find that Jodlowski cannot demonstrate the element of damages for breach of contract by a preponderance of the evidence.

{¶26} The trial court did not abuse its discretion when it denied Jodlowski's motion for relief from judgment based on her failure to demonstrate she had a meritorious defense or claim if relief was granted. Jodlowski's sole Assignment of Error is overruled.

**CONCLUSION**

{¶27} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, Earle, J., concur.