The STATE ex rel. O'DONNELL et al., Appellants,

v.

VOGELGESANG, Cty. Aud., et al., Appellees.

[Cite as *State ex rel. O'Donnell v. Vogelgesang* (1993), 91 Ohio App.3d 585.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–07–047.

Decided Nov. 15, 1993.

*Kircher, Robinson, Cook, Newman & Welch* and *Robert B. Newman,* for appellants.

*Donald W. White,* Clermont County Prosecuting Attorney, and *Elizabeth Mason,* Assistant Prosecuting Attorney, for appellees.

WILLIAM W. YOUNG, Judge.

Relators-appellants, Priscilla S. O'Donnell, W. Kenneth Zuk, William A. Stearns, and Diane M. Zuk, appeal a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of respondents-appellees, Gary G. Vogelgesang, Clermont County Auditor, Robert True, Clermont County Treasurer, Robert, Proud, Richard Martin, and Martha Dorsey, Clermont County Commissioners.

As of July 8, 1991, O'Donnell and W. Kenneth Zuk ("Zuk") were judges elected to the Clermont County Court.[1] On that date, the General Assembly enacted Am.Sub.H.B. No. 200, which established the Clermont County Municipal Court and provided that two full-time municipal court judges be elected in the November 1991 general election. The legislation also abolished the Clermont County Court as of January 1, 1992. As a result, O'Donnell's and Zuk's county court judgeships expired on January 1, 1992.

On February 10, 1992, appellants filed a complaint for a writ of mandamus in the Supreme Court of Ohio. The complaint named appellees and Governor George Voinovich as respondents.[2] The complaint requested the court to declare Am.Sub.H.B. No. 200 unconstitutional, issue a writ of mandamus against the Governor requiring the appointment of O'Donnell and Zuk to their remaining elected terms and issue a writ of mandamus against the county respondents

---

1. Stearns and Diane M. Zuk are electors of Clermont County who voted for O'Donnell and Zuk.

2. The complaint also names E. Robert Schaeffer, former Clermont County Court judge, George E. Smithson and Brenda Conner, Clermont County electors, as relators. Schaeffer, Smithson, Conner and the Governor are not parties in the present case.

requiring them to compensate O'Donnell and Zuk for the portion of their salaries eradicated by Am.Sub.H.B. No. 200. Subsequently, both the county respondents and the Governor filed motions to dismiss pursuant to Civ.R. 12(B)(6). The Supreme Court granted the motions to dismiss on October 28, 1992. See *State ex rel. O'Donnell v. Voinovich* (1992), 65 Ohio St.3d 1439, 600 N.E.2d 682.

On January 21, 1993, appellants filed another complaint for a writ of mandamus in the Clermont County Court of Common Pleas. This complaint is identical to the complaint appellants filed in the Supreme Court except that it does not demand reinstatement.

Appellees filed a motion for summary judgment on February 18, 1993, arguing that *res judicata* applied or, in the alternative, that appellants again failed to state a claim upon which relief could be granted. Appellants countered with their own motion for summary judgment on April 14, 1993. On June 7, 1993, the lower court granted appellees' motion for summary judgment and denied appellants' motion. In its decision, the court ruled that the Supreme Court's dismissal was on the merits and that because the issues raised in both mandamus actions were identical, the second mandamus complaint failed. The court also refused to declare Am.Sub.H.B. No. 200 unconstitutional. Appellants now appeal the lower court's decision.

In their sole assignment of error on appeal, appellants contend that the lower court erred in granting appellees' motion for summary judgment. Summary judgment was appropriate only if there was no genuine issue as to any material fact, if appellees were entitled to judgment as a matter of law, and if reasonable minds could come only to a conclusion adverse to appellants. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904; Civ.R. 56(C).

■ Appellants present five issues for review. First, appellants argue that the Supreme Court's dismissal was not a judgment on the merits and that the decision is not *res judicata* to the present case. Appellants' position is that the Supreme Court's dismissal was a "declination * * * to accept subject matter jurisdiction and thus a dismissal without prejudice under [Civ.R. 41(B)(4) ]." We find otherwise.

"The doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Norwood v. McDonald* (1943), 142 Ohio St. 299, 305, 27 O.O. 240, 242, 52 N.E.2d 67, 71.

Civ.R. 41(B) provides in pertinent part as follows:

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

"(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

The motions to dismiss before the Supreme Court were filed pursuant to Civ.R. 12(B)(6). The Supreme Court's entry of dismissal fails to specify that it constitutes anything but an adjudication on the merits. Therefore, pursuant to Civ.R. 41(B)(3), the Supreme Court's dismissal of appellant's first mandamus complaint operates as an adjudication on the merits. Because the judgment of the Supreme Court in the first mandamus action is an adjudication on the merits of a complaint based on the same facts, seeking the same relief and otherwise virtually identical to the complaint herein, the judgment is *res judicata* to the issues raised in the present case. See *State ex rel. Kopchak v. Lime* (1975), 44 Ohio St.2d 3, 73 O.O.2d 2, 335 N.E.2d 700. Appellants' first issue presented for review is overruled.

The constitutional arguments constituting appellants' four remaining issues presented for review were made before the Supreme Court as support for appellants' request that the court declare Am.Sub.H.B. No. 200 unconstitutional. As indicated above, *res judicata* prevents this court from addressing these issues. However, the lower court, apparently concluding that appellants first requested declaratory relief in their second mandamus complaint, considered the constitutional ramifications of Am.Sub.H.B. No. 200 and explicitly denied appellants' request to find that legislation unconstitutional. Contrary to the lower court's conclusion, the record reveals that both mandamus complaints request that Am.Sub.H.B. No. 200 be declared unconstitutional. In addition, the Supreme Court does have authority to render a declaratory judgment within a mandamus action. See Section 2(B)(1)(f), Article IV, Ohio Constitution. Thus, the lower court should have declined to address appellants' constitutional arguments as the Supreme Court's dismissal is *res judicata* to those issues. Because the court reached the correct result, though, its error does not require a reversal. Appellants' four remaining issues presented for review are overruled.

Based on the foregoing analysis, this court holds that the lower court properly granted appellees' motion for summary judgment as there is no genuine issue of material fact and appellees are entitled to judgment as a matter of law.

*Judgment affirmed.*

JONES, P.J., and KERNS, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was sitting by assignment pursuant to Section 6(C), Article IV, Ohio Constitution.