HUGHES, APPELLANT, *v.* CALABRESE, JUDGE, APPELLEE.

[Cite as *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217.]

*Prohibition — Second complaint for a writ sought to prohibit common pleas court judge from exercising further jurisdiction in an action involving an Ohio not-for-profit corporation — Court of appeals' denial of writ affirmed, when.*

(No. 2001-1890 — Submitted March 26, 2002 — Decided May 22, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 80018, 2001-Ohio-4156.

——————————

**Per Curiam.**

{¶1} Appellant, Martin J. Hughes, Jr., is the president, director of operations, and a trustee of Union Eye Care ("UEC"), an Ohio not-for-profit corporation located in Cuyahoga County, Ohio. UEC provides vision care at a discounted rate to union members and their families, union retirees, and the general public.

{¶2} On February 8, 2001, two members of the UEC board of trustees filed a complaint in the Cuyahoga County Court of Common Pleas against Hughes and UEC. These trustees alleged that UEC, while under the management and control of Hughes, in his capacity as its president and director of operations, had engaged in questionable financial and nonfinancial transactions over a period of five years. These alleged transactions included personal expenditures unrelated to the business of UEC paid by Hughes from the assets of UEC. After Hughes failed to provide satisfactory explanations for these transactions, the board of trustees passed a resolution ordering an audit of UEC for the last five years. Under the resolution, the board also ordered that Hughes be placed on leave of

absence, that he be relieved of all of his duties without remuneration or benefits, that he vacate the offices of UEC, and that he turn over all business records and property in his possession for completion of the audit, until completion of the audit and further order of the board. The board, relying on its code of regulations, ordered that one of the vice-presidents assume the responsibilities of Hughes's positions as president and director of operations. Hughes refused to comply with the board's directives.

{¶3} In their complaint, the trustees requested that the common pleas court issue injunctive relief to restrain Hughes from, among other things, exercising any duties or authority as a trustee, member of the executive committee, president, director of operations, or an employee, agent, or representative of UEC. The trustees also requested damages.

{¶4} Hughes filed a motion to dismiss the common pleas court action, claiming that the court lacked subject-matter jurisdiction. Hughes also filed a grievance with his union protesting his purported termination as an officer and trustee of UEC.

{¶5} On March 1, 2001, respondent, Cuyahoga County Common Pleas Court Judge Anthony O. Calabrese, Jr., granted the trustees a temporary restraining order that enjoined Hughes from (1) exercising any duties or authority as president, director of operations, employee, or agent of UEC; (2) trespassing on UEC property; (3) removing records or other property from UEC; (4) destroying records or other property of UEC; (5) refusing to return all property of UEC; (6) using any assets or other property of UEC without the express written consent of the board of trustees; and (7) engaging in any conduct that obstructs the audit, the authority of the board, or the business of UEC.

{¶6} On March 2, 2001, Hughes filed a complaint in this court for a writ of prohibition to prevent Judge Calabrese from proceeding with the underlying case. Hughes claimed that Judge Calabrese lacked subject-matter jurisdiction to

2

grant an ouster in an action involving an Ohio not-for-profit corporation and that the trustees' case was not cognizable in the common pleas court before the exhaustion of the internal grievance procedure.

{¶7} On March 14, 2001, the parties in the underlying case stipulated to an extension of the March 1 temporary restraining order until March 28, 2001. On that date, Judge Calabrese issued a preliminary injunction against Hughes to prevent him from doing the same things that had been forbidden by the temporary restraining order.

{¶8} On April 4, 2001, we dismissed Hughes's prohibition action pursuant to S.Ct.Prac.R. X(5). *Hughes v. Calabrese* (2001), 91 Ohio St.3d 1486, 745 N.E.2d 434. Our entry dismissing Hughes's prohibition action did not specify that the dismissal was with or without prejudice. On June 6, 2001, we denied Hughes's motion for reconsideration. *Hughes v. Calabrese* (2001), 92 Ohio St.3d 1419, 748 N.E.2d 550.

{¶9} On July 30, 2001, Hughes filed a second complaint for a writ of prohibition, this time in the Court of Appeals for Cuyahoga County. Hughes requested a writ of prohibition to prevent Judge Calabrese from exercising further jurisdiction in the underlying case. Hughes again claimed that Judge Calabrese lacked subject-matter jurisdiction to issue a judgment of ouster in an action involving an Ohio not-for-profit corporation and that an action involving the wrongful termination of a union employee is not cognizable in a common pleas court before the exhaustion of internal grievance procedures. Hughes further claimed that Judge Calabrese's March 28, 2001 preliminary injunction was entered without prior notice of the time of the hearing. Judge Calabrese moved for summary judgment, arguing in part that our court's dismissal of Hughes's first prohibition action barred his second prohibition action based on res judicata.

{¶10} On October 11, 2001, the court of appeals granted Judge Calabrese's motion for summary judgment and denied the writ.

**{¶11}** In his appeal as of right, Hughes challenges the court of appeals' denial of his request for extraordinary relief in prohibition. Hughes's claims are meritless.

**{¶12}** First, res judicata bars Hughes's successive prohibition action. Under the doctrine of res judicata, " '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' " *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 227, 749 N.E.2d 299, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit. Id.

**{¶13}** Our judgment dismissing Hughes's first prohibition action barred Hughes's second prohibition action, which raised claims that either were or might have been raised in his first action. S.Ct.Prac.R. X(2) provides that original actions other than habeas corpus filed here "shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable." See *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 504, 756 N.E.2d 1228. Civ.R. 41(B)(3), which is not clearly inapplicable to dismissals under S.Ct.Prac.R. X(5), provides that "[a] dismissal under this subdivision and *any dismissal not provided for in this rule * * * operat[e] as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies*." (Emphasis added.) Therefore, under Civ.R. 41(B)(3), our dismissal of Hughes's first prohibition action operated as an adjudication on the merits because we did not specify otherwise. See, e.g., *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 188-189, 724 N.E.2d 775 (res judicata bars second election action filed after first election action was dismissed for want of prosecution under S.Ct.Prac.R. X[9] and former [11], now [12]); *Cairns v. Ohio Sav. Bank* (1996), 109 Ohio App.3d 644, 650, 672 N.E.2d 1058; *State ex rel. O'Donnell v. Vogelgesang* (1993), 91

Ohio App.3d 585, 588, 632 N.E.2d 1367 ("pursuant to Civ.R. 41[B][3], the Supreme Court's dismissal of appellant's first mandamus complaint operates as an adjudication on the merits. Because the judgment of the Supreme Court in the first mandamus action is an adjudication on the merits of a complaint based on the same facts, seeking the same relief and otherwise virtually identical to the complaint herein, the judgment is *res judicata* to the issues raised in the [second mandamus action brought in the court of appeals]"); see, also, *State ex rel. Kopchak v. Lime* (1975), 44 Ohio St.2d 3, 73 O.O.2d 2, 335 N.E.2d 700.

**{¶14}** Further, to the extent that Hughes claims that he could not have raised in his first prohibition action his claim that the preliminary injunction was improper because he did not receive prior notice of the time of the hearing, he is also not entitled to the writ on this claim. He cites no authority for his proposition that a failure to comply with the Civ.R. 65 notice requirement is a jurisdictional defect that is remediable by extraordinary writ. Cf. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 430, 751 N.E.2d 472. In fact, this claim is usually raised by appeal. See, e.g., *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.* (1992), 78 Ohio App.3d 472, 605 N.E.2d 422. Hughes could have raised this issue in an immediate appeal from the preliminary injunction, R.C. 2505.02(B)(4), or, if he would be afforded a meaningful or effective remedy by an appeal following final judgment of all issues in the action, then he could raise these claims in a postjudgment appeal. And in the absence of a patent and unambiguous lack of jurisdiction, an appeal constituted an adequate remedy precluding a writ of prohibition. *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663.

**{¶15}** Finally, Hughes's contention that prohibition lies only to prevent a future unauthorized judicial action is erroneous. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results

of prior actions taken without jurisdiction. *State ex rel. Goldberg v. Mahoning Cty. Probate Court* (2001), 93 Ohio St.3d 160, 162, 753 N.E.2d 192. The preliminary injunction did not, as Hughes claims, render his first prohibition action moot.

{¶16} Based on the foregoing, the court of appeals correctly denied the writ. Res judicata barred Hughes's claims, and to the extent that it did not, Hughes has or had an adequate remedy by appeal to raise his new claim of lack of notice for the hearing on the preliminary injunction. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

_____

Percy Squire Co., L.L.C., Percy Squire and Lloyd Pierre-Louis, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____