OPINION
{¶ 1} Plaintiff-appellant, Ivy Featherstone ("appellant"), appeals from the January 9, 2002 decision and entry of the Franklin County Court of Common Pleas, granting defendants-appellees', CM Media, Inc., d/b/a The Other Paper and Josh Caton (collectively "appellees"), motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The following facts are taken from appellant's complaint, appellant's videotaped deposition, and Caton's affidavits.
 {¶ 3} On February 22, 2001, CM Media, Inc. published an article in The Other Paper discussing events that occurred on February 20, 2001, at a Columbus Board of Education ("the Board") meeting. The article was written by Caton, a member of the editorial staff. In the article, Caton wrote that the Board members approved a policy amendment giving the Board President, Stephanie Hightower, the right to suspend the speaking privileges of anyone who was consistently disruptive during public comments.
 {¶ 4} Michael Israel attended the February 20th Board meeting and addressed the Board, expressing his disapproval of the policy amendment placing restrictions on the public comment period. In his affidavit, Caton stated:
 {¶ 5} "While Michael Israel addressed the Board of Education during the public comment period at the February 20 meeting, I also heard shouts from the back of the room, which I understood to be Ivy Featherstone, to school board president Stephanie Hightower: `Yeah! Negro woman! . . . Pay attention, Stephanie!' and `Look at him when he's talking to you!' " (Reply Memorandum of Defendants CM Media Inc, d/b/a The Other Paper, and Josh Caton in Support of Their Motion for Summary Judgment, April 27, 2001, Second Affidavit of Josh Caton, ¶ 3.)
 {¶ 6} Appellee Caton further stated that, on February 28, 2001, appellant telephoned him and told him that he did not make the remarks alluded to in the article. (Reply Memorandum of Defendants CM Media Inc, d/b/a The Other Paper, and Josh Caton in Support of Their Motion for Summary Judgment, April 27, 2001, Affidavit of Josh Caton, ¶ 6.) Caton apologized to appellant if a mistake had been made and told appellant that a correction will appear in The Other Paper. Id. In the March 8, 2001 edition of The Other Paper, a correction was printed that stated that appellant was not the person who made the comments at the Board meeting.
 {¶ 7} On March 5, 2001, appellant filed a complaint against appellees alleging defamation. On April 6, 2001, appellees filed an answer to appellant's complaint and also filed a motion for summary judgment alleging that appellant is a limited-purpose public figure who must demonstrate that appellees acted with actual malice in publishing the article. Appellees also moved for summary judgment on the grounds that the article was privileged under the "fair report privilege."
 {¶ 8} On May 11, 2001, appellees filed a supplemental motion for summary judgment on appellant's amended complaint. On July 25, 2001, the trial court filed a decision and entry denying appellees' motion for summary judgment filed April 6, 2001, and entry striking from the record, appellees' supplemental motion for summary judgment filed on May 11, 2001.[1]
 {¶ 9} On November 16, 2001, appellees deposed appellant by videotape. Subsequently, on December 10, 2001, appellees filed a motion for summary judgment. On December 17, 2001, appellant opposed appellees' motion for summary judgment and, on January 9, 2002, the trial court granted appellees' motion for summary judgment concluding that appellant is a limited-purpose public figure. The trial court further held that appellees demonstrated that they did not act with actual malice in publishing the article. It is from this entry that appellant appeals, raising the following as error:
 {¶ 10} "res judicata collateral estopped [sic]
 {¶ 11} "Defendants were given more than one bite of the apple."
 {¶ 12} In what appears to be appellant's first and second assignments of error, he contends that appellees are arguing issues that were previously denied by the trial court in its July 25, 2001 decision. Appellant contends that appellees had their "bite of the apple" when the trial court denied their motion for summary judgment on July 25, 2001. Appellant contends that the trial court decisions are contradictory because, in its July 25, 2001 decision, the trial court denied appellees' motion for summary judgment, but in its January 9, 2002 decision, it granted appellees' motion for summary judgment. Appellant contends that appellees cannot relitigate issues that the trial court previously decided. Appellant additionally contends that he is not a limited-purpose figure and that appellees have no qualifying privilege.
 {¶ 13} The doctrines of res judicata and collateral estoppel both operate to preclude the relitigation of points of law or fact that were at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9. The doctrine of res judicata applies where there has been a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, conclusive of rights, questions and facts in issue, as to the parties and those in privity with them. Quality Ready Mix, Inc. v. Mamone (1988),35 Ohio St.3d 224, 227; Hughes v. Calabrese, 95 Ohio St.3d 334,2002-Ohio-2217, ¶ 12; Trautwein v. Sorgenfrei (1979),58 Ohio St.2d 493, 495. "Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." Hughes, at ¶ 12, citing Kelm v. Kelm (2001), 92 Ohio St.3d 223,227. "[U]nder the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Trautwein, at 495.
 {¶ 14} In this case, neither the doctrine of res judicata nor the principles of collateral estoppel apply. Appellant contends that the trial court addressed the same issues in the July 25, 2001 and January 9, 2002 decisions, therefore barring appellees from relitigating the same issues. In its January 9, 2002 decision and entry, the trial court stated:
 {¶ 15} "Before reviewing the issues raised in Defendants' Motion, the Court must first address Plaintiff's assertion that Defendants have already had their `bite of the apple' and are presenting arguments that have previously been rejected. Plaintiff's contention is based on the fact that Defendants filed a previous Motion for Summary Judgment, which was denied by the Court on July 25, 2001. However, that Motion did not contain the argument raised here that Plaintiff is a limited-purpose public figure who must demonstrate the existence of actual malice to prevail on his defamation claim. Thus, this instant Motion raises a new ground for granting Defendants summary judgment.
 {¶ 16} "Plaintiff is correct that Defendants again raise the argument that the publication subject to the `fair report privilege.' Defendants essentially request the Court to reconsider its previous finding that the privilege does not apply to these facts. A court retains jurisdiction to reconsider an interlocutory order at any time before the entry of final judgment in a case, either sua sponte or upon motion. Gismondi v. M T Mortgage Corp. (Apr. 13, 1999), Franklin App. No. 98AP-584, unreported. As the Court's denial of Defendant's previous Motion for Summary Judgment was not a final order, the Court retains jurisdiction to reconsider that Decision. Therefore, the Court finds that Defendants are not improperly relitigating matters that have already been decided." (Decision and Entry Granting Defendants' Motion for Summary Judgment Filed December 10, 2001, January 9, 2002.)
 {¶ 17} In Buckeye Union Ins. Co. v. I.B.M. (Feb. 26, 1981), Franklin App. No. 80AP-734, citing to Thompson v. Axt (May 8, 1980), Franklin App. No. 80AP-90, this court held that:
 {¶ 18} " '* * * The overruling of a motion for summary judgment constitutes merely a determination by the trial court that there is a genuine issue as to some material fact, and that after construing the evidence properly before the court in favor of the adverse party, the moving party is not entitled to judgment as a matter of law. See Civ.R. 56(C). The overruling of a motion for summary judgment does not preclude any party from litigating the very issue urged in support of the motion for summary judgment in subsequent proceedings in the case, and most assuredly does not prevent a trial on the merits nor an eventual judgment in favor of the moving party.' "
 {¶ 19} The trial court's order denying a motion for summary judgment is not a final appealable order. State ex rel. Overmyer v. Walinski (1966), 8 Ohio St.2d 23; Balson v. Dodds (1980),62 Ohio St.2d 287, 289. As such, appellees' arguments raised in its December 10, 2001 motion for summary judgment are not barred by res judicata or collateral estoppel.
 {¶ 20} Appellant further contends that the trial court erred in granting appellees' December 10, 2001 motion for summary judgment. Appellant contends that he can defeat appellees' motion for summary judgment because he can produce clear and convincing evidence that appellees acted with actual malice in publishing the article in The Other Paper.
 {¶ 21} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 {¶ 22} "* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 23} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 24} Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. As such, we stand in the shoes of the trial court and conduct an independent review of the record.
 {¶ 25} In a defamation context, " `a court ruling on a motion for summary judgment must be guided by the [New York Times Co. v. Sullivan (1964), 376 U.S. 254, 84 S.Ct. 710] "clear and convincing" evidentiary standard in determining whether a genuine issue of actual malice exists — that is, whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity.' " Varanese v. Gall (1988), 35 Ohio St.3d 78, 81, quoting Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 257,106 S.Ct. 2505. The essential elements of a defamation action are a false, defamatory statement published by a defendant acting with the required degree of fault to the injury of a plaintiff. Sweitzer v. Outlet Communs., Inc. (Aug. 5, 1999), Franklin App. No. 98AP-745.
 {¶ 26} Whether a party is a public figure is a question of law for the court. Milkovich v. News-Herald (1984), 15 Ohio St.3d 292, 294. The trial court considered him to be a limited-purpose public figure. We agree.
 {¶ 27} A limited-purpose public figure is one who becomes a public figure for a specific range of issues by being drawn into or voluntarily injecting himself into a specific public controversy. Gertz v. Robert Welch, Inc. (1974), 418 U.S. 323, 351, 94 S.Ct. 2997. Two factors must be examined in order to determine whether a person is a limited-purpose public figure: (1) the person's participation in the controversy from which the alleged defamation arose; and (2) whether that person has attained a general notoriety in the community as a result of that participation. Talley v. WHIO TV-7 (1998), 131 Ohio App.3d 164,170. Any person may become a limited-purpose public figure as to public issues or controversies into which he injects himself. E. Canton Edn. Assn. v. McIntosh (1999), 85 Ohio St.3d 465, 482.
 {¶ 28} In a libel action, the plaintiff must prove that the written publication is false, that it was made with some degree of fault, and that it reflects injuriously on his reputation, exposes him to hatred, ridicule, disgrace or shame, or affects him adversely in his profession or business. A B-Abell Elevator Co. Inc. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995),73 Ohio St.3d 1, 7. A public figure plaintiff must show "actual malice" on the part of the defendant in publishing the false statement. New York Times Co., supra. Actual malice is demonstrated by evidence that shows that the defendant published the statement with knowledge that it was false or that the defendant published the statement with reckless disregard as to whether it was false or not. Id. at 280-281. Sufficient evidence must exist to permit the conclusion that the defendant in fact has serious doubts as to the truth of the publication. St. Amant v. Thompson (1968), 390 U.S. 727, 730, 88 S.Ct. 1323. The plaintiff must prove actual malice by clear and convincing evidence. Gertz, supra, at 342; New York Times, supra, at 285-286.
 {¶ 29} After reviewing the record before us, we conclude that appellant is a limited-purpose public figure regarding issues relating to the Columbus Public Schools and the Board. Appellant, a retired schoolteacher, worked for the Columbus Public Schools system for 30 years. Appellant regularly speaks at the Board meetings. In his deposition, appellant stated that, while he played a small role in the Board meetings, he attended about 90% of the meetings. (Depo. at 63.) Appellant even had his own talk show entitled "One Man's Opinion" where he regularly discussed matters relating to the Board. (Depo. at 76-77.) Having determined that appellant is a limited-purpose public figure, we turn to the issue of whether appellant presented clear and convincing evidence of actual malice on the part of appellees.
 {¶ 30} The trial court determined that appellant had not presented any evidence of actual malice, much less clear and convincing evidence of actual malice. We agree. Appellant failed to produce sufficient competent evidence showing actual malice, of which he bears the burden of proving at trial. Appellant failed to submit an affidavit in his memorandum contra to appellees' motion for summary judgment. Appellant further failed to list specific facts to support the notion that appellees had serious doubts as to the truthfulness of the article or that they knew it was false. Appellant appears to contend that actual malice is evidenced by the fact that he did not make the defamatory statement, and that Caton was not even present at the February 2001 Board meeting. On the other hand, appellees contend that they believed appellant was the speaker of the statements quoted in the article, and that appellant failed to present any evidence contradicting the reasonableness of their belief.
 {¶ 31} Appellant is correct that a factual dispute exists as to whether Caton personally attended the February 2001 meeting; however, it is not a material factual dispute because the published article does not state that Caton personally heard appellant make the statements. In sum, appellant has failed to demonstrate actual malice; that appellees had doubts about the truth of the publication and that appellees acted with reckless disregard as to the truth of appellant's statements. It is not enough that appellant believes that the statements contained in the article are false; rather, appellant must prove, through clear and convincing evidence, actual malice on the part of appellees. Kassouf v. Cleveland Magazine City Magazines (2001), 142 Ohio App.3d 413. Appellant failed to meet the clear and convincing burden of proof.
 {¶ 32} After a careful review and examination of the evidence before the trial court in a light most favorable to appellant, we believe that reasonable minds could come to only one conclusion, and that conclusion is adverse to appellant. The trial court correctly granted appellees' motion for summary judgment as a matter of law. Appellant, a limited-purpose public figure, presented no evidence that would demonstrate actual malice on the part of appellees. Accordingly, appellant's first and second assignments of error lack merit.
 {¶ 33} Based on the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.
[1] The trial court struck appellees' supplemental motion for summary judgment from the record because, after thoroughly reviewing the record, the trial court determined that appellant did not seek leave to file an amended complaint.