OPINION.
{¶ 1} Plaintiff-appellant Customized Solutions, Inc. ("CSI") appeals the decision of the Mahoning County Common Pleas Court which granted summary judgment on grounds of res judicata in favor of defendant-appellee Yurchyk Davis, CPA's, Inc. ("YD"). The issue before us is whether a prior complaint, which was dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted and which did not state that it was dismissed without prejudice, is res judicata as to a subsequent complaint that arises out of the same occurrence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On December 23, 1998, CSI filed a complaint against YD and Deborah Mozzy resulting in Mahoning County Case No. 98CA2950. YD was a business that approached CSI about planning a joint promotional venture in 1997. Mozzy was an employee of CSI who signed a nondisclosure agreement with CSI, which prohibited her from disclosing customer lists. Mozzy left CSI in September 1997 to work for YD, allegedly bringing CSI's customer list with her.
 {¶ 3} The first count of CSI's complaint alleged breach of contract against Mozzy. The second count of the complaint alleged tortious interference against YD. The third count of the complaint alleged conversion against YD. In May 2001, YD filed a motion to dismiss the claims against it under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. First, they argued that the complaint did not sufficiently set forth a claim for tortious interference. Then, they argued that conversion is no longer recognized as a claim when it is based upon misappropriation of a trade secret and that the complaint did not sufficiently set forth a claim under Ohio's Trade Secret Act. CSI filed a memorandum in opposition, arguing that their complaint was sufficient on its face. On June 6, 2001, the trial court granted YD's motion to dismiss for failure to state a claim.
 {¶ 4} Because the case remained pending due to the claim against Mozzy, YD filed a motion to amend the judgment entry to add "no just reason for delay" language. On August 29, 2001, the trial court agreed to amend its judgment entry to add the requested no just reason for delay language. The court noted that all claims against YD were dismissed with prejudice. Then, on September 5, 2001, the court entered another entry stating that there is no just reason for delay as to the June 6, 2001 judgment sustaining YD's motion to dismiss. (This repeat entry may have been due to the fact that the August 29 entry referred to a June 5 entry instead of a June 6 entry).
 {¶ 5} In the meantime, CSI had refiled its complaint against YD on June 25, 2001. This resulted in Mahoning County Case No. 01CV1657, which is the case before us. This new complaint alleged tortious interference with the nondisclosure agreement between CSI and Mozzy and misappropriation of a trade secret by using CSI's customer list. YD raised the defense of res judicata in its answer. (It was that same day that YD asked the trial court to add the no just reason for delay language to its prior dismissal order.)
 {¶ 6} On October 11, 2001, YD filed a motion for summary judgment based upon res judicata. They attached certified copies of the relevant filings in Case No. 98CV2950 such as the complaint, the motion to dismiss, the memorandum in opposition, the dismissal order, the motion to amend the order, and the two subsequent amendments. They also attached a certified copy of CSI's motion to consolidate the two cases wherein CSI conceded that the actions concern "common questions of law and fact arising out of identical series of occurrences." YD then argued that the tortious interference was raised in both complaints and misappropriation could have and should have been raised in the first complaint instead of conversion. YD noted that under Civ.R. 41(B)(3), a dismissal that does not state otherwise is a dismissal with prejudice and that a dismissal with prejudice is a decision on the merits which thus allows a res judicata ruling on a subsequent filing. YD pointed out that CSI did not appeal the prior dismissal.
 {¶ 7} On December 3, 2001, the trial court overruled YD's motion for summary judgment. On January 23, 2003, YD filed a supplemental memorandum in support of their prior motion for summary judgment. YD noted that the court can reconsider its prior interlocutory order denying summary judgment. They also noted that since the prior denial, CSI attempted to file notice of appeal from the prior dismissal, but this court of appeals dismissed the appeal as untimely.Customized Solutions, Inc. v. Mozzy (J.E. Dec. 7, 2001), 7th Dist. No. 01CA204. YD also pointed out that regardless of this decision and regardless of CSI's argument that it did not know the dismissal was with prejudice, the remainder of the Mozzy case was settled and dismissed in August 2002 and no appeal was filed therefrom.
 {¶ 8} On February 18, 2003, the trial court granted YD's motion for summary judgment, finding that CSI's claims were barred by res judicata. CSI filed timely notice of appeal. CSI sets forth two assignments of error on the first page of its brief. Before proceeding to address these assignments of error, we stop to point out various preliminary violations of the Appellate Rules. For instance, CSI fails to provide a table of contents with page references as required by App.R. 16(A)(1). Similarly, CSI fails to provide a table of authorities with page references as required by App.R. 16(A)(2). Another Appellate Rule violation serves to invalidate CSI's second assignment of error. Thus, as it is easily disposed of, we shall address this assignment first.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 9} The second assignment of error listed in the statement of the assignments of error provides as follows:
 {¶ 10} "It is unnecessary, under the civil rules of procedure, to state with specificity each and every element in a cause of action."
 {¶ 11} This assignment appears to seek to challenge the trial court's original dismissal entry in the prior action, Case No. 98CV2950. As aforementioned, that appeal was dismissed by this court for failure to file a timely appeal. The issues that may have existed in that case are no longer at issue. The judgment entry appealed herein did not make the decision that created this issue. Hence, the issue set forth in the text of this assignment cannot now be raised. This assignment of error is thus overruled.
 {¶ 12} We also note that this assignment could be overruled for a more basic reason. Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." We then turn to App.R. 16(A)(7), which states that the appellant's brief shall include "[a]n argument containing the contentions of appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to authorities, statutes, and the parts of the record on which appellate relies."
 {¶ 13} Here, there is absolutely no mention of this assignment, let alone arguments or authorities in support, anywhere in the brief except where it is listed in the statement of the assignments. Accordingly, CSI's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 14} CSI's first assignment of error alleges:
 {¶ 15} "As a matter of law, a dismissal for failure to state a claim, under Civil Rule 12(B)(6) is not a judgment on the merits."
 {¶ 16} CSI argues that a Civ.R. 12(B)(6) dismissal for failure to state a claim upon which relief can be granted is merely a procedural device dealing with the sufficiency of the pleading and is not a judgment on the merits. Thus, CSI claims res judicata cannot act as a bar to a subsequent action arising out of the same occurrences upon which the prior dismissed action was based. CSI contends that if the wording of a judgment entry is unclear, then it is presumed to be a dismissal otherwise than upon the merits. CSI then urges that the three judgment entries in the prior case were inconsistent. CSI also argues that res judicata requires that controversy to have been necessarily tried and determined and that no controversy here was so tried.
 {¶ 17} CSI also makes other irrelevant and confused arguments, such as that res judicata cannot be invoked in a motion to dismiss. This argument can be characterized as irrelevant because in this case, the doctrine of res judicata was invoked in a motion for summary judgment.
 LAW {¶ 18} Res judicata is often used in a broad sense to encompass both claim preclusion and issue preclusion. Holzemer v. Urbanski (1999),86 Ohio St.3d 129, 133. Res judicata has also been used in a narrow sense as a synonym for claim preclusion just as collateral estoppel is used as a synonym for issue preclusion. Id. The modern trend favors the former usage thereby specifying either claim or issue preclusion. Id. Here, YD raised the type of res judicata referred to as claim preclusion.
 {¶ 19} This doctrine states that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id., quoting Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." Id., quotingRogers v. Whitehall (1986), 25 Ohio St.3d 67, 69.
 {¶ 20} As previously mentioned, CSI argues that the doctrine of res judicata or claim preclusion is inapplicable because the prior dismissal in this case was not on the merits. Breaking the issue down, we first note that a dismissal with prejudice is said to be "on the merits" and a dismissal without prejudice is said to be "otherwise than on the merits." See Staff Notes (1970) to Civ.R. 41(B)(3). See, also, Tower CityProp. v. Cuyahoga Cty. Bd. of Rev. (1990), 49 Ohio St.3d 67, 69
(explaining that where a dismissal is with prejudice, the effect is an adjudication on the merits and the action is vulnerable to a defense of res judicata); Chadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222, 226
(stating that a dismissal without prejudice has no res judicata effect).
 {¶ 21} Civ.R. 41(B) provides for involuntary dismissal and describes the effect thereof. For instance, where plaintiff fails to prosecute or comply with the civil rules or any court order, the court upon defendant's motion or sua sponte may, after notice to the plaintiff's counsel, dismiss the action or claim. Civ.R. 41(B)(1). The effect of such a dismissal is provided for in Civ.R. 41(B)(3), which states:
 {¶ 22} "Adjudication on the merits; exception. A dismissal underdivision (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule [dealing with personal or subject matter jurisdiction and failure to join a party],operates as an adjudication upon the merits unless the court, in itsorder for dismissal, otherwise specifies." (Emphasis added to relevant portions of rule).
 {¶ 23} A dismissal under Civ.R. 12(B)(6) for failure to state a claim is a dismissal under Civ.R. 41(B)(1) for failure to comply with the civil rules. Even if it were not such a dismissal, it would at least fall under Civ.R. 41(B)(3)'s catch-all provision, "and any dismissal not provided for in this rule". Either way, if the Civ.R. 12(B)(6) dismissal order fails to state that it is without prejudice or that it is not on the merits, then the dismissal is automatically categorized as a dismissal with prejudice or on the merits.
 {¶ 24} Here, the June 6, 2001 entry did not state that it was without prejudice or that it was not on the merits. The August 29, 2001 and the September 5, 2001 amendments adding no just reason for delay language also did not state that the dismissal was without prejudice or not on the merits. In fact, the August 29, 2001 entry stated that it was with prejudice. Although CSI claims to have never received this entry, it did receive the June 6 and September 5 entries. Contrary to CSI's suggestions, the entries are not inconsistent or unclear. None of the them specifically state that the dismissal is without prejudice or not on the merits. As such, the dismissal was with prejudice and on the merits. CSI should have realized this automatic label at the time and appealed in a timely manner if it believed that the trial court erred in failing to label the dismissal without prejudice.
 {¶ 25} This decision is supported by the case law cited by YD. The Twelfth District has held that the Supreme Court's Civ.R. 12(B)(6) dismissal in a mandamus action, which failed to specify that it was anything other than a decision on the merits as provided for in Civ.R. 41(B)(3), is an adjudication on the merits for purposes of the doctrine of res judicata. State ex rel. Donnell v. Vogelgesand (1993),91 Ohio App.3d 585, 587-588. See, also, Briggs v. Cincinnati Rec. Comm.
(1998), 132 Ohio App.3d 610 (holding that the dismissal for failure to state a claim was with prejudice and thus it was a final judgment on the merits which operated under the doctrine of res judicata to bar a subsequent action); Euclid v. Weir (June 27, 1978), 10th Dist. No. 77AP-958 (finding a second complaint barred by res judicata where the first complaint was dismissed under Civ.R. 12(B)(6) and failed to state that it was without prejudice as per Civ.R. 41(B)(3)).
 {¶ 26} As CSI posits, there is case law to the contrary. However, CSI fails to address YD's cite to a recent Supreme Court case on point. In that case, a petition for a writ of prohibition was filed in the Supreme Court. The Supreme Court dismissed the petition under S.Ct.Prac.R. X(5) without specifying whether the dismissal was with or without prejudice. Hughes v. Calabrese (2001), 91 Ohio St.3d 1486. Thereafter, the petitioner filed a second petition for a writ of prohibition in the Eighth Appellate District, which was dismissed on grounds of res judicata. The Supreme Court affirmed such dismissal, noting that original actions other than habeas proceed under the Civil Rules and thus, Civ.R. 41(B)(3) is applicable to a dismissal under Sup.Ct.Prac.R. X(5). Hughes v. Calabrese (2002), 95 Ohio St.3d 334, 337. The Court concluded that its original dismissal operated as an adjudication on the merits because they did not specify otherwise. Id. Thus, res judicata was applied to bar the subsequent action. Id. The Court favorably quoted and adopted the O'Donnell case reviewed supra. Id.
 {¶ 27} In conclusion, the Civ.R. 12(B)(6) dismissal operated as dismissal with prejudice under Civ.R. 41(B)(3) because it failed to state that it was without prejudice. As such, the dismissal is considered to have been on the merits. The decision was not timely appealed, and thus, it stands unchallenged.[1] In accordance, the doctrine of claim preclusion bars the subsequent complaint, which admittedly contains claims that either were or could have been brought in the original complaint. This assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.
[1] Even before the missed appellate stage, CSI also had the option of not only responding to the substance of YD's motion to dismiss, but they also could have filed a motion to amend their complaint, which could have been appealed if denied.