[Cite as *Aaron v. Supreme Court of Ohio*, 2024-Ohio-570.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| FRIEDA AARON, et al. | Case No. 2023-00728JD |
| Plaintiffs | Judge Lisa L. Sadler |
| v. | <u>DECISION</u> |
| THE SUPREME COURT OF OHIO | |
| Defendant | |

{¶1} Pursuant to Civ.R. 56(C), Defendant moves for a summary judgment in its favor. Defendant's motion for summary judgment has been fully briefed and it is ripe for decision. The Court grants Defendant's summary-judgment motion for reasons that follow.

## I.     Background

{¶2} In Frieda Aaron, et al. v. The Supreme Court of Ohio, Ct. of Cl. No. 2023-00632JD, plaintiff Frieda Aaron and hundreds of other plaintiffs filed a Complaint against defendant The Supreme Court of Ohio "for intentional negligence * * * in not resolving through trial 580 claims against fleeing felon, Dr. Atiq Durrani, under [Sup.R. 42(C)]." Pursuant to Civ.R. 12(B)(6), defendant moved to dismiss plaintiffs' complaint for failure to state a claim. The Court found that defendant had established that plaintiffs failed to state a claim upon which relief can be granted because plaintiffs' claims were premised on "intentional negligence" and a violation of Sup.R. 42(C), which could not be understood as granting plaintiffs a right to judicial relief. The Court granted defendant's Civ.R. 12(B)(6) motion and dismissed plaintiffs' action on November 14, 2023.

{¶3} On November 27, 2023, in the case that is now before the Court, Plaintiffs (who are the same plaintiffs as in Ct. of Cl. No. 2023-00632JD) brought an action against Defendant (who is the same defendant as in Ct. of Cl. No. 2023-00632JD), asserting a

claim "for negligence by the Ohio Supreme Court in not resolving through trial 580 claims against fleeing felon, Dr. Atiq Durrani, under [Sup.R. 42(C)].

{¶4} Without answering Plaintiffs' Complaint, Defendant moved for summary judgment on December 20, 2023, on grounds that Plaintiffs' claims are barred by the doctrine of res judicata. Defendant's motion is supported by accompanying exhibits. Defendant maintains, "Because this Court has already ruled that the allegations set forth in the complaint for case number 2023-00632JD fail to state a claim upon which relief can be granted, and they are identical to those set forth in this matter, Plaintiffs' complaint fails as a matter of law."

{¶5} In opposition, Plaintiffs contend that the doctrine of res judicata does not apply because in Ct. of Cl. No. 2023-00632JD the issue of "intentional negligence" was considered by the Court—not the issue of negligence, as raised in the case now before the Court. Since the issue of negligence was never litigated, Plaintiffs contend that the doctrine of res judicata cannot bar Plaintiffs' claims of negligence.

In reply, Defendant generally maintains that, as a matter of law, Plaintiffs are barred by the doctrine of res judicata from pursuing their new Complaint because the identical Plaintiffs from Ct. of Cl No. 2023-00632JD have filed the new Complaint premised on a violation of Sup.R. 42(C), which this Court already has ruled does not provide a private right of action.

## II.     Law and Analysis
### A. Legal standard for summary judgment.

{¶6} A summary judgment terminates litigation to avoid a formal trial in a case where there is nothing to try. *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982). The Ohio Supreme Court has instructed: "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138 (1992). A summary judgment, however, "is appropriate where a plaintiff fails to produce evidence supporting the essentials of its claim." *Welco Industries, Inc.* at 346,

citing *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991), paragraph three of the syllabus.

{¶7} Civ.R. 56(C) "provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Grady v. State Emp. Rels. Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997).

{¶8} Under Civ.R. 56 a party who moves for summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A party who moves for summary judgment "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Dresher* at 292-293. *See* Civ.R. 56(C).[1] If a moving party "fails to satisfy its initial burden, the motion for summary judgment must be denied." *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997). *See Omega Riggers & Erectors, Inc. v. Koverman*, 2016-Ohio-2961, 65 N.E.3d 210, ¶ 69 (2d Dist.) ("unless the movant satisfies its initial burden on a motion for summary judgment, the non-movant has no burden of proof"). But if a party who moves for summary judgment has satisfied its initial burden, then a nonmoving party "has a reciprocal burden outlined in the last sentence of Civ.R. 56(E)." *Dresher* at 293. *See* Civ.R. 56(E) ("[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's

---

[1] Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule." Any evidence that is not specifically listed in Civ.R. 56(C) "is only proper if it is incorporated into an appropriate affidavit under Civ.R. 56(E)." *Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 22 (6th Dist.) However, courts "may consider other evidence if there is no objection on this basis." *State ex rel. Gilmour Realty, Inc. v. City of Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, ¶ 17; *Pollard* at ¶ 22.

response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party").

## B. Doctrine of res judicata bars Plaintiffs' claims in this case.

**{¶9}** Res judicata is an affirmative defense. Civ.R. 8(C). The Eighth District Court of Appeals has determined that res judicata may be raised in a motion for summary judgment before an answer is filed. *Coleman v. Cleveland School Dist.*, 8th Dist. Cuyahoga No. 80239, 2002-Ohio-2262, ¶ 16; *Hedrick v. Spitzer Motor City, Inc.*, 8th Dist. Cuyahoga No. 89306, 2007-Ohio-6820, ¶ 12, following *Coleman*, *supra*. *But see* Civ.R. 56(A) ("[a] party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party").

**{¶10}** In Ct. of Cl. No. 2023-00632JD this Court recognized that a claim premised on "intentional negligence" and a violation of Sup.R. 42(C) could not be understood as granting a right to judicial relief. *See Reserve Trucking Co. v. Fairchild*, 128 Ohio St. 519, 534, 191 N.E. 745 (1934) ("'intentional negligence' is a phrase that contradicts itself."). Quoting the Ninth District Court of Appeals, this Court stated: "'Ohio appellate courts have indicated that the Rules of Superintendence are general guidelines for the conduct of the courts and do not create substantive rights in individuals or procedural law.'" *In re K. G.*, 9th Dist. Lorain No. 10CA0016, 2010-Ohio-4399, ¶ 11." (Decision, Ct. of Cl. No. 2023-00632 (Nov. 14, 2023.)) *See Buckmaster v. Buckmaster*, 4th Dist. Highland No. 13CA13, 2014-Ohio-793, ¶ 9, citing *State v. Singer*, 50 Ohio St.2d 103, 110, 362 N.E.2d 1216 (1977) ("[c]ourts have interpreted the Rules of Superintendence as general guidelines for the conduct of the courts that do not create substantive rights"); *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (3d Dist.1976) (stating that "whereas rules of procedure adopted by the Supreme Court require submission to the legislature, rules of superintendence are not so submitted and, hence, are of a different category. They are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants").

{¶11} The Ohio Supreme Court has adopted the modern application of the doctrine of res judicata, which includes claim preclusion and issue preclusion. *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, Slip Op. No. 2023-Ohio-3097, ¶ 16. In *AJZ's Hauling, L.L.C.*, at ¶ 16, the Ohio Supreme Court explained:

> "Claim preclusion makes '"an existing final judgment or decree between the parties to litigation * * * conclusive as to all claims which were or might have been litigated in a first lawsuit."'" *Lycan v. City of Cleveland*, __ Ohio St.3d __, 2022-Ohio-4676, __ N.E.3d __, ¶ 22, quoting *Natl. Amusements, Inc.* at 62, quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 25 Ohio B. 89, 494 N.E.2d 1387 (1986). For claim preclusion to apply, the following four elements must be satisfied:
>
> > "(1) [A] prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."
>
> *Lycan* at ¶ 23, quoting *Hapgood v. Warren*, 127 F.3d. 490, 493 (6th Cir.1997). Issue preclusion, also known as collateral estoppel, prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. * * *

{¶12} Under Ohio law a dismissal pursuant to Civ.R. 12(B)(6) is an adjudication on the merits unless a trial court indicates otherwise. *Byg v. Lynch*, 5th Dist. Fairfield Nos. 03CA45, 03CA48, 2003-Ohio-7290, ¶ 14, citing *State ex rel. O'Donnell v. Vogelgesang*, 91 Ohio App.3d 585, 632 N.E.2d 1367 (12th Dist.1993). In Ct. of Cl. No. 2023-00632JD the Court dismissed the action without specifying whether its dismissal was with, or without. prejudice, with the result that the Court's dismissal in Ct. of Cl. No. 2023-00632JD operated as an adjudication on the merits. *See Byg* at ¶ 14.

{¶13} A review of Plaintiffs' Complaint in this case shows that this case involves the same parties as in Ct. of Cl. No. 2023-00632JD, that this case raises claims that were

or could have been litigated in Ct. of Cl. No. 2023-00632JD, and that this case arises out of the transaction or occurrence that was the subject of Ct. of Cl. No. 2023-00632JD. Claim preclusion therefore applies, as a matter of law. *See AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.* at ¶ 16 (identifying four elements for claim preclusion to apply).

{¶14} When the evidence is viewed most strongly in favor of Plaintiffs, reasonable minds can come to but one conclusion, namely, that no genuine issue as to any material fact remains to be litigated and that Defendant is entitled to judgment in its favor as a matter of law based on the doctrine of res judicata.

### III.    Conclusion

{¶15} For reasons set forth above, the Court grants Defendant's motion for summary judgment. Defendant is entitled to a summary judgment in its favor.

LISA L. SADLER
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| FRIEDA AARON, et al. | Case No. 2023-00728JD |
| Plaintiffs | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| THE SUPREME COURT OF OHIO | |
| Defendant | |

{¶16} For reasons set forth in the Decision filed concurrently herewith, the Court GRANTS Defendant's Motion For Summary Judgment filed on December 20, 2023. Judgment is rendered in favor of Defendant. Court costs are assessed equally against Plaintiffs. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed January 26, 2024**
**Sent to S.C. Reporter 2/15/24**